[Civ. No. 56720. Second Dist., Div. Four. May 19, 1980.]

ALLIS-CHALMERS et al., Plaintiffs and Appellants, v.
CITY OF OXNARD, Defendant and Respondent.

COUNSEL

Burke, Williams & Sorensen and Royal M. Sorensen for Plaintiffs and Appellants.

K. D. Lyders, City Attorney, and Mark G. Sellers, Deputy City Attorney, for Defendant and Respondent.

## Opinion

SAVITCH, J.*—This is an appeal from an order of dismissal following the trial court's sustaining without leave to amend a general demurrer to plaintiffs' complaint on the ground that the action is barred by the 30-day statute of limitations in section 10400 of the Streets and Highways Code.[1]

The complaint contains in substance the following allegations:

1. The City of Oxnard, a municipal corporation, through its respective officers initiated proceedings under the Municipal Improvement Act of 1913 (Sts. & Hy. Code, § 10000 et seq.) to order the construction of certain works of improvement, describing the district to be benefited and to be assessed to pay the costs and expenses thereof, and determining and declaring that bonds should be issued for unpaid assessments.

2. In accordance with the proceedings, a report was prepared. Included within the report was a proposed assessment roll setting forth the proposed assessment upon each of the properties within the said assessment district.

3. A hearing before the city council upon said report was held on December 5, 1978, at which time protests against the doing of the work and the assessments were heard.

4. Plaintiffs, and each of them, are owners of real property within the assessment district, which property is proposed to be assessed for such improvements.

---

*Assigned by the Chairperson of the Judicial Council.

[1]Section 10400 of Streets and Highways Code reads as follows: "The validity of an assessment or supplementary assessment levied under this division shall not be contested in any action or proceeding unless the action or proceeding is commenced within 30 days after the assessment is levied. Any appeal from a final judgment in such an action or proceeding shall be perfected within 30 days after the entry of judgment."

5. Plaintiffs appeared at the hearing on December 5, 1978, and protested the proposed work and improvements and the proposed assessments.

6. On December 5, 1978, the City Council of the City of Oxnard adopted resolution No. 7529 confirming the assessment, ordering the improvements and approving the engineer's report for said assessment district.

7. The proposed work and improvements will not benefit the plaintiffs' properties and the attempt to assess plaintiffs' properties was beyond the jurisdiction of the city council and constituted a taking of property without due process.

Although not alleged in the complaint, the diagram and assessment confirmed by the city council on December 5, 1978, was recorded in the office of the street superintendent on December 6, 1978.

Thirty-one days after the adoption of resolution No. 7529, plaintiffs filed their complaint.

I

Plaintiffs contend that state statutes of limitations are not applicable to causes of action based on federal law or constitutional principles. Based on language in *City of Plymouth* v. *Superior Court* (1970) 8 Cal.App.3d 454, 464 [96 Cal.Rptr. 636], which is: "Special assessment without benefits is a denial of due process," plaintiffs contend that their allegations create a cause of action under the due process clause of the federal Constitution. Plaintiffs then argue that, under the holding in *Williams* v. *Horvath* (1976) 16 Cal.3d 834 [129 Cal. Rptr. 453, 548 P.2d 1125], rights created under the federal Constitution are not subject to state statutes of limitations.

Plaintiffs' contention, if accepted, would provide a means by which plaintiffs could avoid every statute of limitations by simply alleging a deprivation of constitutional rights or some other federal cause of action. Plaintiffs' authorities do not support this radical elevation of form over substance.

*First*, it is not clear that *City of Plymouth* is authority for a rule that mere allegations of lack of benefit from an assessment give rise to a

federal cause of action. The *City of Plymouth* case involved an attempt by the city to invoke a curative statute to avoid a timely challenge to assessments. In holding the statute inapplicable, the court made it clear that its decision was limited to the unusual circumstances before it, as indicated by the following: "Special assessment without benefits is a denial of due process.... In the context of curative statutes such as section 8655, a taking of property without due process is considered a jurisdictional defect....

"          .     .     .     .     .     .     .     .     .     .     .     .     .     .     .     .

"California law shields bond buyers by a variety of validation provisions. A ruling which permits attack on the assessment proceedings notwithstanding sale of the bonds is rare indeed. The present ruling deals with a unique set of facts where, according to the record before us, the seller, a municipal corporation, sold the bonds with full knowledge of the pending lawsuit. ... We hold only that the property owners, who properly recorded their objections before the council and then—prior to petitioner's issuance and sale of the bonds—filed their timely suit and served petitioner, are entitled to a factual determination of the issues posed by their complaint, and that the superior court has jurisdiction to proceed further with the action." (*City of Plymouth* v. *Superior Court, supra*, 8 Cal.App.3d at pp. 464-465.)

The holding of *City of Plymouth* is that property owners who file a timely action are entitled to a factual determination of the issues posed by their complaint. The method by which the court reached this holding had to involve a discussion of due process in order to avoid the operation of the curative statute. As the court says, the case is unique.

New Jersey Superior Courts have held in similar situations that federal causes of action do not exist.

In *Csaki* v. *Woodbridge Tp.* (1961) 69 N.J. Super. 327 [174 A.2d 271, 275], the court acknowledged that where important constitutional questions are involved an exception exists from the application of a New Jersey statute providing that proceedings to review an ordinance for a public improvement shall be commenced within 30 days from the date of the passage for adoption of the ordinance but said that: "No question of fundamental constitutional rights is advanced by the statement that plaintiffs do not presently need such sewer, and imposition of

its cost, to the extent benefited, would be a deprivation of property without due process." The same 30-day limitation of the New Jersey statute was involved in the case of *Holloway* v. *Pennsauken Tp.* (1953) 12 N.J. 371 [97 A.2d 141], where the trial court dismissed an action of land owners who attacked the validity of assessments made by a township against landowners for local sewer and sewage pumping station improvements. The court said, at page 143: "Here the plaintiffs attempt to clothe their charges of illegality of the assessments in the guise of constitutional questions. In reality, however, the allegations are merely that by reason of the inclusion or exclusion of particular property, the assessments are undue or excessive and that they are unfair because they include the cost of the 1925 project.... No question of fundamental constitutional rights is raised by these assertions, nor is the constitutionality of the enabling statute or the township's ordinance under attack."

*Secondly*, even if plaintiffs' complaint were construed to state a federal cause of action, the case of *Williams* v. *Horvath, supra,* does not support their contention that state statutes of limitation are inapplicable. *Williams* v. *Horvath* involved the applicability of the California Tort Claims Act to an action grounded exclusively on the federal Civil Rights Act (42 U.S.C. § 1983). The Supreme Court rejected the argument that the 100-day claim requirement of section 911.2 of that act is nothing more than a state statute of limitation and adopted the plaintiffs' characterization that the claim requirement is nothing less than a remnant of sovereign immunity and a substantive impediment to the exercise of a federally created right, and as such is void under the supremacy clause. Thus, in holding the 100-day claims requirement of the Tort Claims Act inapplicable, the Supreme Court distinguished the substantive nature of the claims requirements from the procedural nature of statutes of limitations which remain applicable to federal actions. The 30-day period provided in section 10400 of the Streets and Highways Code is a statute of limitations and not a substantive impediment to the exercise of a federally created right, if one in fact exists.

*Finally*, in connection with their argument that the 30-day limitation in section 10400 is inapplicable, plaintiffs also contend that the period is overly short. However, no cases are cited dealing with this type of statute and no analysis provided to support this contention. California law provides numerous 30-day statutes of limitations. (See 2 Witkin, Cal. Procedure (2d ed. 1970) Actions, § 247, p. 1104.) Absent some

compelling reason or authority, the legislative prerogative in enacting section 10400 must be upheld.

## II

Plaintiffs also contend that a statute of limitations will not bar an action to challenge an assessment which is illegal or void, either because the enabling statute is invalid or because the landowner has been deprived of a fundamental constitutional right. Foremost among such fundamental constitutional rights is that of notice of the hearing at which the assessment is levied. (See *Holloway* v. *Pennsauken Tp., supra.*) And there may be other fundamental constitutional rights such as the property involved is outside the jurisdiction of the levying body.

But, plaintiffs' allegations of lack of benefit do not raise a question of deprivation of a fundamental constitutional right. (See *Csaki* v. *Woodbridge Tp., supra.*) Plaintiffs have not alleged that they were not given proper notice of assessment proceedings and they positively allege that they made both written and oral protests at the hearing conducted on December 5, 1978, when the assessment was levied.

## III

■ Plaintiffs contend that this was the first complaint filed by the plaintiffs and no opportunity was given to amend. Plaintiffs cite the general rule that it is an abuse of discretion when parties are not given leave to amend, when an amendment possibly could cure the defect by supplying omitted allegations. (*Greenberg* v. *Equitable Life Assur. Society* (1973) 34 Cal.App.3d 994, 998 [110 Cal.Rptr. 470].)

The first additional allegation plaintiffs state that they could make is it was not until December 6, 1978, that the assessment and diagram were recorded and became due and payable and, therefore, the assessment was levied at that time and not at the time of the resolution adopted on December 5, 1978.

The second additional allegation plaintiffs would make is between December 5 and December 11, 1978, there was mailed out by the defendants to the owners of property a statement of assessment and notice of recording of diagram and assessment.

Essentially, by these allegations the plaintiffs would raise the issue of whether the limitations period should commence with the adoption of resolution No. 7529 confirming the assessment on December 5, 1978, or with the recordation of the assessment and diagram on December 6, 1978, or with the mailing to the property owners of the assessment notices. These allegations would not raise any litigable issue since the matter has been completely settled, and these allegations are completely discussed and analyzed in *Fahey* v. *City Council* (1962) 208 Cal.App. 2d 667 [25 Cal.Rptr. 314], holding that the limitations period of section 10400 runs from the date of the adoption of the resolution which constitutes the levy of the assessment. This court agrees with *Fahey* and the construction placed upon section 10400 in that decision.

Therefore, it does not appear possible that plaintiffs could file an amendment by supplying omitted allegations which, under *Fahey*, could not cure the defect.

### *Conclusion*

It is a fact of common knowledge that the mere existence of a lawsuit usually prevents the sale of bonds and the raising of the funds required to do the work of improvement for which the special assessment has been levied. (*Cf. City of Plymouth* v. *Superior Court, supra*, 8 Cal. App.3d at p. 465.) The short statutes of limitations such as section 10400 are essential to the consummation of the proceedings and to provide assurance to bond buyers that their investment will be reasonably safe and secure. Under such circumstances, the trial court's action in sustaining the city's demurrer without leave to amend was proper.

The order of dismissal is affirmed.

Kingsley, Acting P. J., and Woods, J., concurred.

Appellants' petition for a hearing by the Supreme Court was denied July 16, 1980.