[No. S114171. May 24, 2004.]

THE STATE OF CALIFORNIA et al., Petitioners, v.
THE SUPERIOR COURT OF KINGS COUNTY, Respondent;
PATRICIA BODDE, Individually and as Special Administrator, etc., Real
Party in Interest.

COUNSEL

Bill Lockyer, Attorney General, Robert R. Anderson, Chief Assistant Attorney General, Allen R. Crown, Acting Assistant Attorney General, Paul D. Gifford, Frances T. Grunder, Assistant Attorneys General, James E. Flynn and David A. Carrasco, Deputy Attorneys General, for Petitioners.

Kronick, Moskovitz, Tiedemann & Girard and Jonathan P. Hobbs, for League of California Cities and California State Association of Counties as Amici Curiae on behalf of Petitioners.

Rockard J. Delgadillo, City Attorney (Los Angeles), Katherine J. Hamilton, Assistant City Attorney, and Lisa S. Berger, Deputy City Attorney, for City of Los Angeles as Amicus Curiae on behalf of Petitioners.

No appearance for Respondent.

Law Office of Kim D. Scovis, Kim D. Scovis and Jenny Scovis for Real Party in Interest.

## OPINION

**BROWN, J.**—As part of the California Tort Claims Act, Government Code section 900 et seq.[1] establishes certain conditions precedent to the filing of a lawsuit against a public entity. As relevant here, a plaintiff must timely file a claim for money or damages with the public entity. (§ 911.2.) The failure to do so bars the plaintiff from bringing suit against that entity. (§ 945.4.) In this case, we consider whether failure to allege facts demonstrating or excusing compliance with this claim presentation requirement subjects a complaint to a general demurrer. We conclude it does.

### I.

Plaintiff Bernard Bodde[2] was an inmate in the California state prison system. Plaintiff filed suit against defendants the State of California and various state agencies and employees[3] alleging that they misdiagnosed his lung cancer as tuberculosis and failed to provide him with adequate medical care.

In their first three demurrers, defendants[4] contended, among other things, that plaintiff failed to comply with the claim presentation requirement contained in Government Code section 900 et seq. The trial court sustained

---

[1] All further statutory references are to the Government Code unless otherwise indicated.

[2] During the pendency of the action, plaintiff died. The trial court subsequently issued an order converting the action into a survivor action, appointing Patricia Bodde, plaintiff's successor in interest and beneficiary, as special administrator of his estate and substituting Patricia Bodde as a party to the action. For convenience, in this opinion we refer to Bernard Bodde as plaintiff.

[3] Defendants are: (1) the State of California, (2) California Department of Corrections, (3) California State Prison—Wasco, (4) Centinela State Prison, (5) California Correctional Institution, (6) Corcoran State Prison, (7) Michael Songer, M.D., (8) Charles Pickett, M.D., (9) Rajindra S. Sethi, M.D., (10) Brian Yee, M.D., (11) Neil E. Fond, M.D., (12) Sarv Mittar Grover, M.D., (13) John Moor, M.D., and (14) David J. Evans, M.D.

[4] According to the record, all defendants, except for Dr. Moor and Dr. Evans, apparently demurred. For convenience, we refer to the demurring parties as defendants.

each of these demurrers with leave to amend. Following the last order granting leave to amend, plaintiff filed a third amended complaint. The complaint alleged five causes of action: (1) violation of 42 United States Code section 1983, (2) intentional infliction of emotional distress, (3) violation of Government Code section 845.6, (4) negligence, and (5) negligence per se.

With respect to the state law claims (counts two through five), the complaint alleged that plaintiff had submitted a claim to the Office of the Attorney General, which "represented that [it was] authorized to accept service for the State Board of Control for the State of California" and "led [plaintiff] to believe that [he was] serving the State Board of Control." The complaint further alleged that plaintiff "received telephonic notice that there were small errors contained in the original claim and was requested to file an Amended Claim." According to the complaint, "an Agent of the Attorney General represented to [plaintiff] that she would accept service of said amended claim, and that the requested changes would correct any errors concerning said claim." As requested, plaintiff filed an amended claim. The complaint then alleged that plaintiff only learned that the Office of the Attorney General—rather than the State Board of Control—had been mistakenly served over one year after he discovered he had lung cancer.

Defendants demurred, alleging once again that plaintiff failed "to state facts sufficient to constitute a cause of action" and that his state law claims were "barred by [his] failure to comply with Government Code section 900 et seq." This time, the trial court overruled the demurrer, holding that the complaint pled "facts which if true could support a claim of estoppel so as to avoid the failure to comply with sections 911.2 and 911.4 of the Government Code."

Defendants then filed a petition for writ of mandate, asking the Court of Appeal to issue an order sustaining their demurrer to the third amended complaint as to all state law claims. After issuing an order to show cause, the court denied the petition. In doing so, the court did not reach the estoppel issue. Instead, the court held that compliance with the claim presentation requirement contained in section 900 et seq. is not an element of a cause of action against a public entity and need not be alleged. Thus, noncompliance is not a ground for sustaining a general demurrer. According to the court, the state may only "raise its defense of noncompliance with the Tort Claims [Act] requirement on a motion for summary judgment and/or at trial."

We granted review and limited the issue to whether failure to plead facts demonstrating or excusing compliance with the claim presentation require-ment of section 900 et seq. may be raised on a general demurrer to the complaint. We conclude it may.

## II.

Under section 911.2, "[a] claim relating to a cause of action for death or for injury to person or to personal property . . . shall be presented as provided in Article 2 (commencing with Section 915) of this chapter not later than six months after the accrual of the cause of action." Section 945.4 then provides that "*no suit for money or damages may be brought against a public entity* on a cause of action for which a claim is required to be presented in accordance with Chapter 1 (commencing with Section 900) and Chapter 2 (commencing with Section 910) of Part 3 of this division until a written claim therefor has been presented to the public entity and has been acted upon by the board, or has been deemed to have been rejected by the board, in accordance with Chapters 1 and 2 of Part 3 of this division."[5] (Italics added.) Thus, under these statutes, failure to timely present a claim for money or damages to a public entity bars a plaintiff from filing a lawsuit against that entity.[6]

Plaintiff concedes that his state law claims are subject to this claim presentation requirement. He, however, contends his complaint need not allege facts demonstrating or excusing compliance with the requirement because compliance is not an element of a cause of action against a public entity. As such, his state law claims are not subject to demurrer for failure to so allege. Defendants counter that failure to allege compliance subjects a claim for money or damages against a public entity to demurrer for either lack of subject matter jurisdiction (Code Civ. Proc., § 430.10, subd. (a)) or for failure to "state facts sufficient to constitute a cause of action" (Code Civ. Proc., § 430.10, subd. (e)). We conclude that failure to allege facts demonstrating or excusing compliance with the claim presentation requirement subjects a claim against a public entity to a demurrer for failure to state a cause of action.[7]

---

[5] Section 910 describes the mandatory contents of such a claim, and section 915 describes the manner by which the claim should be presented to the public entity.

[6] Section 905 lists the claims that are exempt from the claim presentation requirement. None of these exceptions apply here.

[7] Although a Court of Appeal has suggested that failure to comply with the claim presentation requirement divests the court of jurisdiction over a cause of action against a public entity (see *Kim v. Walker* (1989) 208 Cal.App.3d 375, 384 [256 Cal.Rptr. 223]), we have long held to the contrary. As we noted in *County of Santa Clara v. Superior Court* (1971) 4 Cal.3d 545, 550 [94 Cal.Rptr. 158, 483 P.2d 774], "as of 1963, court decisions had clearly settled that

Our analysis begins with our decision in *Williams v. Horvath* (1976) 16 Cal.3d 834 [129 Cal.Rptr. 453, 548 P.2d 1125]. In *Williams*, we held that the claim presentation requirement "is inoperative in an action brought under" 42 United States Code section 1983. To reach this holding, we found that "the filing of a claim for damages 'is more than a procedural requirement, it is a condition precedent to plaintiff's maintaining an action against defendant, in short, an integral part of plaintiff's cause of action.' " (*Williams*, at p. 842, quoting *Illerbrun v. Conrad* (1963) 216 Cal.App.2d 521, 524 [31 Cal.Rptr. 27].) We further observed that "[o]ur own view of the claims requirement comports with that of" *Willis v. Reddin* (9th Cir. 1969) 418 F.2d 702 (*Williams*, at p. 841)—which held that " 'California statutes or ordinances which condition the right to sue the sovereign upon timely filing of claims and actions are . . . *elements of the plaintiff's cause of action* and conditions precedent to the maintenance of the action' " (*Williams*, at p. 839, italics added, quoting *Willis*, at p. 704). Because the claim presentation requirement is a "state substantive limitation[] couched in procedural language" (*Williams*, at p. 841), we concluded that the supremacy clause precluded us from applying the requirement to the federal cause of action (*id.* at p. 842 [129 Cal.Rptr. 453, 548 P.2d 1125]). (See also *Allis-Chalmers v. City of Oxnard* (1980) 105 Cal.App.3d 876, 881 [165 Cal.Rptr. 128] ["in holding the 100-day claims requirement of the Tort Claims Act inapplicable, the [California] Supreme Court distinguished the substantive nature of the claims requirements from the procedural nature of statutes of limitations which remain applicable to federal actions"].)

█ Consistent with *Williams*, we have observed that "submission of a claim to a public entity pursuant to section 900 et seq. 'is a condition precedent to a tort action and the failure to present the claim bars the action.' " (*Phillips v. Desert Hospital Dist.* (1989) 49 Cal.3d 699, 708 [263 Cal.Rptr. 119, 780 P.2d 349], quoting *Lutz v. Tri-City Hospital* (1986) 179 Cal.App.3d 807, 812 [224 Cal.Rptr. 787].) Similarly, some Courts of Appeal have expressly stated that compliance with the claim presentation requirement is an element of a cause of action against a public entity. (See, e.g., *Del Real v. City of Riverside* (2002) 95 Cal.App.4th 761, 767 [115 Cal.Rptr.2d 705]; *Wood v. Riverside General Hospital* (1994) 25 Cal.App.4th 1113, 1119 [31 Cal.Rptr.2d 8].) Thus, our Courts of Appeal have repeatedly held that failure to allege facts demonstrating or excusing compliance with the requirement

---

a court which erroneously entertained an action against a governmental entity, despite noncompliance with claims requirements, committed only an error of law; it did not act in excess of jurisdiction." Thus, we concluded that noncompliance does not divest the trial court of subject matter jurisdiction over causes of action against public entities. (*Id.* at p. 551.) We therefore reject defendants' contention that failure to allege compliance establishes a jurisdictional defect.

subjects a complaint to general demurrer for failure to state a cause of action.[8] Indeed, the Court of Appeal in this case acknowledged that it had consistently held the same prior to its ruling in this case.[9]

---

[8] (See, e.g., *Hart v. County of Alameda* (1999) 76 Cal.App.4th 766, 781 [90 Cal.Rptr.2d 386] [affirming demurrer because the plaintiff could not allege compliance with the claim presentation requirement]; *Tapia v. County of San Bernardino* (1994) 29 Cal.App.4th 375, 387 [34 Cal.Rptr.2d 431] [" 'Where compliance with the Tort Claims Act is required, the plaintiff must allege compliance or circumstances excusing compliance, or the complaint is subject to general demurrer' "]; *Wood v. Riverside General Hosp.*, *supra*, 25 Cal.App.4th at p. 1119 ["failure to allege compliance with the claims statute renders the complaint subject to a general demurrer"]; *Watson v. State of California* (1993) 21 Cal.App.4th 836, 845 [26 Cal.Rptr.2d 262] [affirming demurrer because the plaintiff could not allege compliance with the claim presentation requirement]; *Briggs v. Lawrence* (1991) 230 Cal.App.3d 605, 613 [281 Cal.Rptr. 578] ["Failure to allege compliance renders the complaint . . . subject to general demurrer"]; *Fall River Joint Unified School Dist. v. Superior Court* (1988) 206 Cal.App.3d 431, 437 [253 Cal.Rptr. 587] [issuing writ of mandate entering an order granting the petitioner's motion for judgment on the pleadings because the real party in interest could not allege compliance with the claim presentation requirement]; *State of California ex rel. Dept. of Transportation v. Superior Court* (1984) 159 Cal.App.3d 331, 338–339 [205 Cal.Rptr. 518] [issuing writ of mandate entering order sustaining the petitioner's demurrer because the real party in interest could not allege compliance with the claim presentation requirement]; *Gurrola v. County of Los Angeles* (1984) 153 Cal.App.3d·145, 153 [200 Cal.Rptr. 157] [" 'timely compliance with the claim filing requirements . . . must be pleaded in a complaint in order to state a cause of action' "]; *State of California v. Superior Court* (1983) 143 Cal.App.3d 754, 757 [192 Cal.Rptr. 198] ["Where the claim filing requirements of the Tort Claims Act are applicable, '[t]imely compliance . . . must be pleaded in order to state a cause of action' "]; *Pacific Tel. & Tel. Co. v. County of Riverside* (1980) 106 Cal.App.3d 183, 188 [165 Cal.Rptr. 29] [affirming demurrer because the plaintiff could not allege compliance with the claim presentation requirement]; *Bohrer v. County of San Diego* (1980) 104 Cal.App.3d 155, 160 [163 Cal.Rptr. 419] ["The plaintiffs have the burden of pleading and proving compliance with the claim presentation requirement"]; *Taylor v. Mitzel* (1978) 82 Cal.App.3d 665, 671 [147 Cal.Rptr. 323] ["compliance with the 100-day requirement must be alleged"]; *Dujardin v. Ventura County Gen. Hosp.* (1977) 69 Cal.App.3d 350, 355 [138 Cal.Rptr. 20] ["Timely compliance with the claim filing requirements . . . must be pleaded in a complaint in order to state a cause of action"]; *San Leandro Police Officers Assn. v. City of San Leandro* (1976) 55 Cal.App.3d 553, 559 [127 Cal.Rptr. 856] [affirming judgment on the pleadings because the plaintiff could not allege compliance with the claim presentation requirement]; *Miner v. Superior Court* (1973) 30 Cal.App.3d 597, 602 [106 Cal.Rptr. 416] [issuing a writ of mandate commanding the trial court to sustain the petitioner's demurrer because the real party in interest could not allege compliance with the claim presentation requirement].)

[9] (See, e.g., *Dilts v. Cantua Elementary School Dist.* (1987) 189 Cal.App.3d 27, 31 [234 Cal.Rptr. 612] ["In those circumstances in which a claim must be presented, the plaintiff must allege compliance or circumstances excusing compliance, or the complaint is subject to general demurrer"]; *Snipes v. City of Bakersfield* (1983) 145 Cal.App.3d 861, 865 [193 Cal.Rptr. 760] ["Where compliance with the Tort Claims Act is required, the plaintiff must allege compliance or circumstances excusing compliance, or the complaint is subject to general demurrer"]; *Neal v. Gatlin* (1973) 35 Cal.App.3d 871, 878 [111 Cal.Rptr. 117] ["We conclude that failure to allege the filing of a claim is fatal to appellant's complaint"]; *Meester v. Davies* (1970) 11 Cal.App.3d 342, 348 [89 Cal.Rptr. 711] [affirming demurrers because the plaintiff could not allege compliance with the claim presentation requirement]; *Miller v. Hoagland* (1966) 247 Cal.App.2d 57, 61 [55 Cal.Rptr. 311] [same].)

This consistency in the holdings of our courts follows logically from the history of claim presentation statutes in California. Prior to 1959, California law contained a variety of "statutes and county and city charters and ordinances which bar[red] suit against a governmental entity for money or damages unless a written statement or 'claim' setting forth the nature of the right asserted against the entity, the circumstances giving rise thereto and the amount involved [were] communicated to the entity within a relatively short time after the claimant's cause of action [had] accrued." (2 Cal. Law Revision Com. Rep. (1959) p. A-7.) And from 1857 to 1959, California courts consistently held that failure to allege compliance with these claim presentation requirements subjected a complaint to a general demurrer for failure to state facts sufficient to constitute a cause of action.[10]

In 1959, after studying this patchwork of claim presentation requirements, the California Law Revision Commission "recommended adoption of uniform procedures for claims against local governmental entities. [Citation.] The Legislature accepted the commission's recommendation and enacted the present scheme for presentation of claims." (*Minsky v. City of Los Angeles* (1974) 11 Cal.3d 113, 120 [113 Cal.Rptr. 102, 520 P.2d 726].) In construing this new statutory scheme, we continued to hold that failure to allege compliance constituted a failure to state a cause of action and subjected a

---

[10] (See, e.g., *Ward v. Jones* (1952) 39 Cal.2d 756, 761 [249 P.2d 246] [holding that failure to allege compliance with the claim presentation requirement found in Government Code former section 1981 was "fatal"]; *Veriddo v. Renaud* (1950) 35 Cal.2d 263, 266–267 [217 P.2d 647] [affirming demurrer because the plaintiff could not allege compliance with the claim presentation requirement found in Government Code former section 1981]; *Artukovich v. Astendorf* (1942) 21 Cal.2d 329, 336 [131 P.2d 831] [affirming demurrer because the plaintiff could not allege compliance with the claim presentation requirement found in Political Code former section 4075]; *Farmers & Merchants' Bank of Los Angeles v. City of Los Angeles* (1907) 151 Cal. 655, 657 [91 P. 795] ["a complaint containing no . . . allegation [of presentation of a demand pursuant to various city charter provisions] fails to state a cause of action"]; *Rhoda v. Alameda County* (1877) 52 Cal. 350, 352 [affirming demurrer because the plaintiff failed to specifically plead compliance with the claim presentation requirement found in Political Code former section 4072]; *McCann v. Sierra County* (1857) 7 Cal. 121, 124 [affirming demurrer because the plaintiff could not allege compliance with the claim presentation requirement found in a statute]; *Fonseca v. County of Santa Clara* (1968) 263 Cal.App.2d 257, 263 [69 Cal.Rptr. 357] [affirming demurrer because the plaintiff could not allege compliance with the claim presentation requirement found in Government Code former sections 1981, 29702, 29704 and 29705]; *Illerbrun v. Conrad, supra,* 216 Cal.App.2d at p. 524 ["The filing of a claim for damages, as required by city charter and ordinance provisions . . . is a condition precedent to plaintiff's maintaining an action against defendants"]; *Chavez v. Sprague* (1962) 209 Cal.App.2d 101, 106 [25 Cal.Rptr. 603] ["Failure to comply with the claims procedure of Government Code [former] section 1981, is fatal to the maintenance of an action against an employee whenever Government Code [former] section 1981, is applicable"]; *Hafliger v. County of Sacramento* (1950) 97 Cal.App.2d 850, 854 [218 P.2d 993] [affirming judgment of nonsuit because the plaintiff could not allege compliance with the claim presentation requirement found in Political Code former section 4075].)

complaint to demurrer. (See *Dias v. Eden Township Hospital Dist.* (1962) 57 Cal.2d 502, 503–504 [20 Cal.Rptr. 630, 370 P.2d 334].)

Following our decision in *Muskopf v. Corning Hospital Dist.* (1961) 55 Cal.2d 211 [11 Cal.Rptr. 89, 359 P.2d 457]—which abrogated common law immunity for public entities—in 1963 the Legislature enacted the Tort Claims Act. As part of the act, the Legislature amended the claim presentation statutes. (See *Minsky v. City of Los Angeles, supra*, 11 Cal.3d at p. 120, fn. 11; *Burgdorf v. Funder* (1966) 246 Cal.App.2d 443, 446–447 [54 Cal.Rptr. 805].) But these amendments did not alter the fundamental nature of the claim presentation requirement—which still required plaintiffs to submit a timely claim for money or damages to a public entity in order to maintain an action against that entity. (See Cal. Law Revision Com. com., reprinted at 32 West's Ann. Gov. Code (1995 ed.) foll. § 911.2, p. 561 ["This section is substantially the same as the first paragraph of Government Code [former] Section 715 . . . ."]; Cal. Law Revision Com. com., reprinted at 32A pt. 1 West's Ann. Gov. Code, *supra*, foll. § 945.4, p. 15 [noting that section 945.4 merely amended former sections 641 and 710 by preventing "a claimant from bringing an action against a public entity until his claim has been acted upon or is deemed to have been rejected" and limiting the time an entity has to consider the claim].) Indeed, the Legislature did not intend "to expand the rights of plaintiffs in suits against governmental entities, but to confine potential governmental liability to rigidly delineated circumstances: immunity is waived only if the various requirements of the act are satisfied." (*Williams v. Horvath, supra*, 16 Cal.3d at p. 838.) As such, the language of the amended claim presentation statutes "make[s] it clear that . . . a plaintiff must still allege in his complaint that he has complied with the claim statute in order to state a cause of action against a public employee." (*Burgdorf*, at p. 447.)

In light of this overwhelming case law and history, we conclude that a plaintiff must allege facts demonstrating or excusing compliance with the claim presentation requirement. Otherwise, his complaint is subject to a general demurrer for failure to state facts sufficient to constitute a cause of action.

The cases cited by plaintiff and the Court of Appeal do not dictate a contrary conclusion. Each of these cases involved the *premature* filing of a complaint against a public entity even though the plaintiff had submitted a timely claim to the entity (see *Radar v. Rogers* (1957) 49 Cal.2d 243, 246 [317 P.2d 17] *(Radar)*; *Cory v. City of Huntington Beach* (1974) 43 Cal.App.3d 131, 133 [117 Cal.Rptr. 475] *(Cory)*; *Petersen v. City of Vallejo* (1968) 259 Cal.App.2d 757, 768 [66 Cal.Rptr. 776] *(Petersen)*; *Taylor v. City of Los Angeles* (1960) 180 Cal.App.2d 255, 258 [4 Cal.Rptr. 209] *(Taylor)*) or

had successfully petitioned for leave to present a late claim under sections 911.4 or 946.6 (see *Bell v. Tri- City Hosp. Dist.* (1987) 196 Cal.App.3d 438, 441–442 [241 Cal.Rptr. 796] (*Bell*); *Bahten v. County of Merced* (1976) 59 Cal.App.3d 101, 103–104 [130 Cal.Rptr. 539] (*Bahten*); *Savage v. State of California* (1970) 4 Cal.App.3d 793, 794–795 [84 Cal.Rptr. 650] (*Savage*)). None of these cases considered whether failure to allege compliance or circumstances excusing compliance subjected a complaint to a general demurrer for failure to state a cause of action, and they are not relevant here. (See *Illerbrun v. Conrad, supra,* 216 Cal.App.2d at p. 524 [holding that cases involving "prematurity of action brought" do not apply where the plaintiff failed to file a claim for damages].)

Moreover, these cases are distinguishable on their facts. In those cases where the plaintiffs submitted a timely claim but prematurely filed a complaint, the courts refused to dismiss the action because the plaintiffs had substantially complied with the claim presentation requirement. According to these courts, the plaintiffs, by filing the claim and prematurely filing the complaint, had satisfied the purpose behind the requirement—to give the entity the opportunity to investigate and settle the claim before suit was brought. (See *Radar, supra,* 49 Cal.2d at p. 249; *Cory, supra,* 43 Cal.App.3d at p. 136; *Petersen, supra,* 259 Cal.App.2d at pp. 770–771; *Taylor, supra,* 180 Cal.App.2d at pp. 262–263.) Likewise, in those cases where the plaintiffs prematurely filed a complaint against a public entity before obtaining leave to present a late claim but failed to timely amend that complaint after obtaining leave, the courts refused to dismiss the action because the plaintiffs had substantially complied with the claim presentation requirement. (See *Bell, supra,* 196 Cal.App.3d at p. 449; *Bahten, supra,* 59 Cal.App.3d at p. 112; *Savage, supra,* 4 Cal.App.3d at p. 797.) Thus, these cases actually enforced the claim presentation requirement and did not excuse the plaintiffs from alleging facts showing or excusing compliance.

■ Some of these cases did, however, state that compliance with the claim presentation requirement is not an element of a cause of action against a public entity. (See *Bell, supra,* 196 Cal.App.3d at p. 444; *Bahten, supra,* 59 Cal.App.3d at p. 107.) As explained above, these statements are erroneous. (See *ante,* at pp. 1240–1243.) We therefore disapprove of *Bell v. Tri-City Hospital Dist., supra,* 196 Cal.App.3d 438, and *Bahten v. County of Merced, supra,* 59 Cal.App.3d 101, to the extent they conflict with our decision here.

■ Plaintiff's reliance on language in Government Code section 911.2 stating that the claim must be filed within six months "after the accrual of the cause of action" is also misplaced. Government Code section 901 defines the "date of the accrual of a cause of action" for purposes of Government Code section 911.2 as "the date upon which the cause of action would be deemed

to have accrued within the meaning of the statute of limitations which would be applicable thereto *if there were no requirement that a claim be presented to and be acted upon by the public entity before an action could be commenced thereon.*" (Italics added.) Thus, the reference in Government Code section 911.2 to "the accrual of the cause of action" has no bearing on the elements that must be pled to "state facts sufficient to constitute a cause of action" under Code of Civil Procedure section 430.10.

■ Finally, requiring plaintiffs to allege facts sufficient to demonstrate or excuse compliance does not deprive them of their due process rights or unfairly bar just claims. As an initial matter, we note that the Legislature has provided numerous ways to obtain relief from the claim presentation requirement. For example, sections 911.4, 911.6, 911.8 and 946.6 contain a detailed scheme permitting litigants to petition the public entity and the court for leave to present a late claim. Sections 910.8 and 911 also require public entities to alert a claimant to any deficiencies in his claim or waive any "defect or omission in the claim as presented" (§ 911). Moreover, a plaintiff need not allege strict compliance with the statutory claim presentation requirement. Courts have long recognized that "[a] claim that fails to substantially comply with sections 910 and 910.2, may still be considered a 'claim as presented' if it puts the public entity on notice both that the claimant is attempting to file a valid claim and that litigation will result if the matter is not resolved." (*Del Real v. City of Riverside, supra,* 95 Cal.App.4th at p. 769, fn. omitted.) Finally, a plaintiff may arguably be able to satisfy the claim presentation requirement by alleging an appropriate excuse, such as equitable estoppel. (See *Ard v. County of Contra Costa* (2001) 93 Cal.App.4th 339, 346–347 [112 Cal.Rptr.2d 886].) Accordingly, we see no reason to ignore the overwhelming precedent establishing that failure to allege compliance or circumstances excusing compliance with the claim presentation requirement subjects a complaint to a general demurrer for failure to state facts sufficient to constitute a cause of action. Because the Court of Appeal never considered whether plaintiff had, in fact, alleged facts sufficient to excuse compliance on the ground of estoppel, we remand for consideration of this unresolved issue.

### III.

We reverse the judgment of the Court of Appeal and remand for further proceedings consistent with this opinion.

George, C. J., Kennard, J., Werdegar, J., Chin, J., Moreno, J., and Simons,* J., concurred.

---

*Associate Justice of the Court of Appeal, First Appellate District, Division Five, assigned by the Chief Justice pursuant to article VI, section 6 of the California Constitution.