Filed 11/13/13  Jones v. California CA2/4

**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION FOUR

| | |
|---|---|
| JASON EARL JONES, | B247752 |
| Plaintiff and Appellant, | (Los Angeles County Super. Ct. No. BC487259) |
| v. | |
| STATE OF CALIFORNIA, | |
| Defendant and Respondent. | |

APPEAL from a judgment of the Superior Court of Los Angeles County, Yvette M. Palazuelos, Judge.  Affirmed.

Jason Earl Jones, in pro. per., for Plaintiff and Appellant.

Burke, Williams & Sorensen, Susan E. Coleman and Kristina Doan Gruenberg for Defendant and Respondent.

Plaintiff Jason Earl Jones is a prisoner incarcerated at the California Substance Abuse Treatment Facility and State Prison in Corcoran, California.  He

is serving a determinate term of 27 years, plus two consecutive terms of 25 years to life.[1] Acting in pro. per., he sued the State of California for breach of contract, seeking $7.3 billion in damages and an injunction compelling his release from custody. The trial court sustained the State's demurrer to the complaint without leave to amend. Jones appeals, and we affirm the judgment.[2]

## BACKGROUND

Jones' complaint alleged that on June 27, 2007, the State entered an agreement whereby it agreed to release him from custody and pay damages for "trespass upon plaintiff's proprietary trade name in commerce." According to the complaint, the State committed a "private tort" by filing an allegedly "fraudulent" felony complaint against Jones that resulted in his conviction of "shooting [and killing] a known gang member who'd threatened and stalked plaintiff." Moreover, there was "gross misconduct by law enforcement and prosecutorial agents in connection with the matter." The complaint sought, inter alia, damages of $7.3 billion and an injunction ordering the State "to immediately release plaintiff from custody and any purported interest in his person, in accord with the provisions of the agreement ratified by the defendants."

---

[1] The judgment of conviction is not part of the record on appeal. We glean the information regarding Jones' commitment from an order of the federal district court deeming a prior civil complaint filed by Jones to be a petition for writ of habeas corpus and denying the petition. According to the order, Jones was sentenced on February 7, 2000, following his conviction of murder with use of a firearm, attempted murder with use of a firearm, and shooting at an inhabited dwelling. Also, three prior strikes were found true.

[2] The record on appeal fails to contain a judgment of dismissal. In our discretion, we elect to decide the case on the merits rather than dismiss it for failure to obtain an appealable order.

2

Represented by private counsel retained by the California Department of Corrections and Rehabilitation (CDCR), the State demurred to the complaint. As here relevant, the State argued that: (1) Jones failed to allege that he had complied with the Government Claims Act (Gov. Code, §§ 905.2, 911.2, 945.4, 950.2) as to his claim for damages, and (2) Jones' claim for an injunction releasing him from prison failed because habeas corpus is the exclusive means to obtain a convicted prisoner's release from custody.

Jones objected to the appearance of private counsel and moved to strike the demurrer, on the ground that only the Attorney General could represent the State. The State's counsel filed a declaration stating that the CDCR Office of Legal Affairs had informed counsel's law firm that the Attorney General had forwarded the case to the CDCR and given consent to employ counsel pursuant to Government Code section 11040. After a conflict check, the retention was confirmed. Counsel also submitted for in camera review by the court a letter from the Attorney General authorizing the employment of outside counsel.[3]

The trial court denied Jones' motion to strike, and sustained the State's demurrer without leave to amend.

## DISCUSSION

Jones argues that the trial court committed prejudicial error by allowing the State to be represented by private counsel. However, Government Code section 12520, subdivision (b) grants the Attorney General the power "to employ counsel to represent, or to assist in the representation of, a state agency." In turn, Government Code section 11040, permits any state agency to employ counsel after

---

[3]    The letter was submitted in camera because it contains attorney-client communications. A copy of the letter has been filed under seal with this court.

3

obtaining the written consent of the Attorney General. (See *People ex rel. Dept. of Fish & Game v. Attransco, Inc.* (1996) 50 Cal.App.4th 1926, 1928 [Department of Fish and Game not forbidden from employing outside counsel after receiving written permission of the Attorney General].) Here, the evidence submitted to the trial court showed that the Attorney General forwarded the case to the Office of Legal Counsel of the CDCR and gave written permission to the CDCR to employ private counsel. Thus, the procedure for retention of private counsel was followed.

Jones argues that he sued the State and the CDCR is not a party. However, Jones is in the custody the CDCR. His lawsuit sought his release from custody and, as best we can tell, payment of damages resulting from a contract compensating him for custody. The CDCR was the proper state agency to appear in the case, and, although Jones purported to name the State as the defendant, the Attorney General properly delegated to the CDCR the authority to employ special counsel on behalf the State.

We further conclude that the trial court properly sustained the State's demurrer to Jones' breach of contract claim without leave to amend. Under the Government Claims Statute, with exceptions not here applicable, no public entity (including the State and any state agency (Gov. Code, § 811.2)) can be sued for money or damages unless a timely claim has been presented to the entity and either been acted upon or denied by operation of law. (Gov. Code, § 945.4.) This requirement applies to both contracts and torts. (*City of Stockton v. Superior Court* (2007) 42 Cal.4th 730, 740.) The claim must be filed within six months of the accrual of the cause of action. (Gov. Code, § 911.2.) Compliance with the Claims Statute, or excusal from compliance, must be alleged in the complaint. (*State v. Superior Court* (2004) 32 Cal.4th 1234, 1243.) Otherwise, the complaint is subject to demurrer. (*Ibid.*)

4

Here, as to his breach of contract claim, Jones failed to allege that he complied with, or was excused from complying with, the Claims Statute. Nor has he shown that he can amend the complaint to allege compliance or excusal from compliance. Jones argues that he was excused from compliance because "the very terms of the contract and the . . . commercial affidavit prohibit the foreclosing of any remedy in the matter, as there continues to be debt accruing thereunder." But such terms of his purported contract with the State are not pled in the complaint, and in any event his argument is supported by no legal authority and is nonsensical. In short, the trial court properly sustained the demurrer to the breach of contract claim without leave to amend.

Further, the court properly sustained the demurrer without leave to amend to Jones' claim for an injunction releasing him from custody. As best we understand his claim, Jones purports to challenge the validity of his judgment of conviction by alleging the State violated his rights by committing fraud and gross misconduct in securing his conviction. To remedy that situation, the State agreed to release him. He therefore claims he is entitled to an injunction ordering his release. However, this civil suit is not the proper vehicle to mount an attack on the validity of Jones' conviction. In the first instance, the proper avenue was direct appeal from the judgment. The record does not reflect whether an appeal was taken. At this point, if such a challenge can be mounted at all, it must be by collateral attack on the judgment by a petition for writ of habeas corpus. (See *In re Harris* (1993) 5 Cal.4th 813, 828 [["h]abeas corpus may . . . provide an avenue of relief to those unjustly incarcerated when the normal method of relief -- i.e., direct appeal -- is

inadequate"].)**4** We express no opinion on whether a petition can be properly filed at this late date.

**DISPOSITON**

The judgment is affirmed.  The State shall recover its costs on appeal.

**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**


WILLHITE, J.



We concur:




EPSTEIN, P. J.




SUZUKAWA, J.

---

**4**     Jones filed a request for judicial notice of a "search certificate" from the California Secretary of State purporting to verify his filing of a financial statement to perfect a security interest against the State, and two ex parte applications he filed in the superior court for an order to show cause why he should not be released from custody.  The documents are not relevant to this appeal, and the motion for judicial notice is denied.