NOT FOR PUBLICATION



UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

JAMES CHADAM and JENNIFER
CHADAM, on behalf of themselves and
their minor children, A.C. and C.C.,

Plaintiffs-Appellants,

v.

PALO ALTO UNIFIED SCHOOL
DISTRICT, a governmental entity created
and existing under the laws of the State of
California,

Defendant-Appellee.

No. 14-17384

D.C. No. 4:13-cv-04129-CW

MEMORANDUM[*]

Appeal from the United States District Court
for the Northern District of California
Claudia Wilken, District Judge, Presiding

Argued and Submitted October 19, 2016
San Francisco, California

Before: GRABER and MURGUIA, Circuit Judges, and COLLINS,[**] Chief
District Judge.

---

[*] This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

[**] The Honorable Raner C. Collins, Chief United States District Judge for the
District of Arizona, sitting by designation.

James and Jennifer Chadam, parents of C.C. and A.C., appeal the district court's order granting Palo Alto Unified School District's ("PAUSD") motion to dismiss their complaint. The Chadams alleged that PAUSD was negligent and violated Title II of the Americans with Disabilities Act of 1990 ("ADA"), § 504 of the Rehabilitation Act of 1973, and the First Amendment. We reverse the dismissal of the ADA and § 504 claims but affirm the dismissal of the First Amendment and negligence claims.

The Chadams alleged that PAUSD removed C.C. from his neighborhood school because it believed that he had cystic fibrosis. They alleged that C.C. actually had the genetic marker for, but not the disease of, cystic fibrosis. They also alleged that, because PAUSD believed that C.C. had cystic fibrosis, PAUSD also thought that C.C. posed a threat to other students in the school who in fact had cystic fibrosis. The Chadams alleged that PAUSD officials told those students' parents that C.C. had cystic fibrosis and ultimately removed C.C. from his neighborhood school.

To survive the motion to dismiss their ADA claim, the Chadams' complaint has to allege that C.C. is an individual (1) who has a disability or is perceived to have a disability; (2) is otherwise qualified to participate in or receive the benefits of a public services, programs, or activities; (3) was either excluded from

2

participation in or denied the benefits of the public entity's services, programs, or activities or was otherwise discriminated against by the public entity; and (4) was excluded, denied benefits, or discriminated against by reason of his disability. *Daubert v. Lindsay Unified Sch. Dist.*, 760 F.3d 982, 985 (9th Cir. 2014). Similarly, a valid § 504 claim survives a motion to dismiss where the plaintiff alleges that a "public entity discriminated against, excluded, or denied the benefits of a public program to a qualified person with a disability" and that the public entity receives federal funds. *T.B. ex rel. Brenneise v. San Diego Unified Sch. Dist.*, 806 F.3d 451, 467 (9th Cir. 2015), *cert. denied*, 136 S. Ct. 1679 (2016) (internal quotation marks omitted).

The complaint adequately alleges a violation of the ADA because C.C. (1) was perceived as disabled, (2) has a right to attend the closest PAUSD school to his house per PAUSD policy, (3) was excluded from receiving the benefit of that policy because PAUSD deliberately removed him from his neighborhood school, and (4) the exclusion was due to his perceived disability. As to their § 504 claim, the Chadams also allege that PAUSD receives federal funds. The complaint therefore alleges sufficient facts to state claims under the ADA and § 504.

1. The district court conducted a "direct threat" analysis to hold that PAUSD acted to preserve the safe operation of the school and thus did not violate

the ADA or § 504.  However, "[i]n determining whether an individual poses a direct threat to the health or safety of others, a public entity must make an individualized assessment, based on reasonable judgment that relies on current medical knowledge or on the best available objective evidence."  28 C.F.R. § 35.139.  Here, the complaint does not allege that PAUSD made an individual assessment.  To the contrary, it states that PAUSD relied on the opinion of two doctors who had never met or treated C.C. to determine that C.C. should be removed from his neighborhood school.  Moreover, the Chadams allege that one of those doctors opined that children with cystic fibrosis must not be in the same classroom together, which is largely irrelevant given that C.C. did not have cystic fibrosis.  The complaint negates the "reasonable judgment" and the "best available objective evidence" standards by alleging that C.C.'s medical records show that he does not have cystic fibrosis.  Accordingly, the alleged facts do not establish a "direct threat" defense.

The district court also erred in concluding that the complaint failed to allege sufficient facts to support the requisite intent.  The discriminatory intent standard does not require a showing of bad motive, ill will, animosity or, as the district court characterized it, an intent "to cause harm and injury."  Rather, it suffices to allege that PAUSD excluded C.C. from a public program because of his perceived

4

disability.  *See Lovell v. Chandler*, 303 F.3d 1039, 1057 (9th Cir. 2002) (holding that, by its very nature, facial discrimination in the form of a categorical exclusion of disabled persons from a public program is "intentional").

The school district makes an additional argument in support of dismissal of the ADA and § 504 claims.  The district argues that it did not deny C.C. a "benefit" because there is no "right" to attend a particular school within the district.  But neither the ADA nor § 504 requires that the thing denied is a "right."  Rather, a person who has (or is perceived to have) a disability may not "be excluded from participation in or be denied the benefits of the services, programs, or activities of a public entity."  42 U.S.C. § 12132; *see also* 29 U.S.C. § 794(a) (containing a nearly identical formulation).  C.C. allegedly was excluded from participation in, or denied the benefits of, the school district's neighborhood-school services and program.

2.  We affirm the dismissal of the First Amendment claim.  Generally, to vindicate a First Amendment violation, the claim is brought pursuant to 42 U.S.C. § 1983.  *See, e.g., Ellins v. City of Sierra Madre*, 710 F.3d 1049 (9th Cir. 2013).  However, California public school districts are immune from suit under § 1983 because California public school districts are state agencies for Eleventh

Amendment purposes. *C.W. v. Capistrano Unified Sch. Dist.*, 784 F.3d 1237, 1247–48 (9th Cir. 2015).

3. We also affirm the dismissal of the Chadams' negligence claim. "A plaintiff may not sue under the [California] Tort Claims Act unless he or she has first presented a written claim to the governing board of the defendant public entity and the board as acted upon the claim or the claim has been deemed rejected." *Vasquez v. State*, 195 P.3d 1049, 1054 (Cal. 2008). The "plaintiff must allege facts demonstrating or excusing compliance with the claim presentation requirement. Otherwise, his complaint is subject to a general demurrer for failure to state facts sufficient to constitute a cause of action." *State v. Superior Court (Bodde)*, 90 P.3d 116, 122 (Cal. 2004). Additionally, "California public entities are not subject to common law tort liability; all liability must be pursuant to statute." *AE ex rel. Hernandez v. County of Tulare*, 666 F.3d 631, 638 (9th Cir. 2012) (citing Cal. Gov't Code § 815).

In their complaint, the Chadams do not allege facts demonstrating or excusing compliance of the required claim presentation to PAUSD. Rather, in their opening brief, the Chadams argue that they complied with the California Tort Claims Act through "the detailed pleadings, allegations, documents, declarations and exhibits filed in the now-dismissed state court injunctive relief action." They

6

do not cite any authority to support this proposition. Even if their proposition is correct, the Chadams do not allege that PAUSD has acted upon the claim or that the claim has been rejected. The Chadams also do not provide a statutory basis for PAUSD's liability. Thus, we affirm the dismissal of the negligence claim.

**AFFIRMED in part; REVERSED and REMANDED in part.** Costs on appeal awarded to Plaintiffs-Appellants.