**NOT FOR PUBLICATION**

**FILED**

UNITED STATES COURT OF APPEALS

NOV 21 2017

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| DEWEY STEVEN TERRY, | No. 17-15184 |
| Plaintiff-Appellant, | D.C. No. 3:13-cv-01227-EMC |
| v. | MEMORANDUM* |
| PHILLIP EARLEY; et al., | |
| Defendants-Appellees. | |

Appeal from the United States District Court
for the Northern District of California
Edward M. Chen, District Judge, Presiding

Submitted November 15, 2017**

Before: CANBY, TROTT, and GRABER, Circuit Judges.

Dewey Steven Terry, a California state prisoner, appeals pro se from the

district court's summary judgment in his 42 U.S.C. § 1983 action alleging that

defendants were deliberately indifferent to his health and safety. We have

jurisdiction under 28 U.S.C. § 1291. We review de novo. *Wallis v. Baldwin*, 70

---

\*      This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

\*\*      The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

F.3d 1074, 1076 (9th Cir. 1995). We affirm.

The district court properly granted summary judgment on Terry's Eighth Amendment claim because Terry failed to raise a genuine dispute of material fact as to whether "he himself [wa]s being exposed to unreasonably high levels" of asbestos and lead. *Helling v. McKinney*, 509 U.S. 25, 35-36 (1993) (setting forth evidence needed to prevail on a claim of deliberate indifference based on exposure to second-hand smoke); *see also Wallis*, 70 F.3d at 1077.

The district court properly granted summary judgment on Terry's state law claims because Terry did not comply with the claim-presentment requirement of the California Government Claims Act. *See* Cal. Gov't Code § 911.2; *Ellis v. City of San Diego, Cal.*, 176 F.3d 1183, 1190 (9th Cir. 1999); *California v. Superior Court (Bodde)*, 90 P.3d 116, 122 (Cal. 2004).

The district court did not abuse its discretion in denying Terry's motion to alter or amend the judgment because Terry failed to demonstrate any grounds for such relief. *See Dixon v. Wallowa County*, 336 F.3d 1013, 1022 (9th Cir. 2003) (setting forth standard of review and requirements for granting relief under Fed. R. Civ. P. 59(e)).

Appellee Young's request to strike settlement documents attached to Terry's filings, set forth in his answering brief, is granted. The Clerk of Court is hereby directed to strike Exhibit 1 to Docket Entries 10, 12, and 29 because all three of the

2

exhibits contain confidential settlement information.

**AFFIRMED.**