**NOT FOR PUBLICATION**

**FILED**

UNITED STATES COURT OF APPEALS

SEP 15 2020

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| BRIAN STACEY WEIGELT, | No. 19-16892 |
| Plaintiff-Appellant, | D.C. No. 5:19-cv-02687-NC |
| v. | |
| COUNTY OF MONTEREY; et al., | MEMORANDUM[*] |
| Defendants-Appellees, | |
| and | |
| MONTEREY COUNTY FAMILY COURTS, | |
| Defendant. | |

Appeal from the United States District Court
for the Northern District of California
Nathanael M. Cousins, Magistrate Judge, Presiding[**]

Submitted September 8, 2020[***]

Before:    TASHIMA, SILVERMAN, and OWENS, Circuit Judges.

---

[*]    This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]    The parties consented to proceed before a magistrate judge. *See* 28 U.S.C. § 636(c).

[***]    The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

Brian Stacey Weigelt appeals pro se from the district court's judgment dismissing his 42 U.S.C. § 1983 action alleging federal and state law claims arising out of his divorce. We have jurisdiction under 28 U.S.C. § 1291. We review de novo a dismissal for failure to state a claim under Federal Rule of Civil Procedure 12(b)(6). *Cervantes v. Countrywide Home Loans, Inc.*, 656 F.3d 1034, 1040 (9th Cir. 2011). We affirm.

The district court properly dismissed Weigelt's federal claims against defendants City of Salinas (sued as "Salinas Police Department"), County of Monterey, and Monterey County District Attorney's Office because Weigelt failed to allege facts sufficient to state a plausible claim. *See Vill. of Willowbrook v. Olech*, 528 U.S. 562, 564 (2000) (per curiam) (elements of an equal protection "class of one" claim); *Furnace v. Sullivan*, 705 F.3d 1021, 1030 (9th Cir. 2013) (to state an equal protection claim, plaintiff must show that the defendants acted with an intent or purpose to discriminate against the plaintiff based upon membership in a protected class); *Long v. County of Los Angeles*, 442 F.3d 1178, 1185 (9th Cir. 2006) (elements of a § 1983 claim).

The district court properly dismissed Weigelt's state law claims because Weigelt failed to allege facts sufficient to show that he complied with, or was excused from, the claim presentment requirement of the California Government Claims Act. *See* Cal. Gov't Code § 911.2; *State v. Superior Court*, 90 P.3d 116,

122 (Cal. 2004) (plaintiff must allege facts demonstrating or excusing compliance with the claim presentation requirement; otherwise, complaint is subject to general demurrer).

The district court properly dismissed Weigelt's claims against defendant Superior Court of California, County of Monterey (sued as "Monterey County Family Courts") because these claims were barred by the Eleventh Amendment. *See Simmons v. Sacramento Cty. Superior Court*, 318 F.3d 1156, 1161 (9th Cir. 2003) (state courts are "arms of the state" entitled to Eleventh Amendment immunity); *Franceschi v. Schwartz*, 57 F.3d 828, 831 (9th Cir. 1995) ("The Eleventh Amendment bars suits which seek either damages or injunctive relief against a state, an arm of the state, its instrumentalities, or its agencies." (citation and internal quotation marks omitted)).

We do not consider matters not specifically and distinctly raised and argued in the opening brief. *See Padgett v. Wright*, 587 F.3d 983, 985 n.2 (9th Cir. 2009).

Weigelt's request for oral argument, set forth in the opening and reply briefs, is denied.

**AFFIRMED.**

19-16892