NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| WILLIAM HENRY CLAPP, | No. 20-15116 |
| Plaintiff-Appellant, | D.C. No. 3:18-cv-07269-LB |
| v. | |
| CITY AND COUNTY OF SAN FRANCISCO, | MEMORANDUM* |
| Defendant-Appellee, | |
| and | |
| CHRISTIANA DANIELL MENDOZA; et al., | |
| Defendants. | |

Appeal from the United States District Court
for the Northern District of California
Laurel D. Beeler, Magistrate Judge, Presiding**

Submitted April 20, 2021***

---

\*      This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

\*\*      The parties consented to proceed before a magistrate judge. *See* 28 U.S.C. § 636(c).

\*\*\*      The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

Before:  THOMAS, Chief Judge, TASHIMA and SILVERMAN, Circuit Judges.

William Henry Clapp appeals pro se from the district court's judgment dismissing his 42 U.S.C. § 1983 action alleging claims arising out of two arrests. We review de novo a district court's dismissal under Federal Rule of Civil Procedure 12(b)(6).  *Puri v. Khalsa*, 844 F.3d 1152, 1157 (9th Cir. 2017).  We affirm.

The district court properly dismissed Clapp's federal claims because Clapp failed to allege facts sufficient to show that he suffered a constitutional violation as a result of an official policy or custom.  *See Castro v. County of Los Angeles*, 833 F.3d 1060, 1073-76 (9th Cir. 2016) (en banc) (discussing requirements to establish municipal liability); *Navarro v. Block*, 72 F.3d 712, 714 (9th Cir. 1995) ("Proof of random acts or isolated events is insufficient to establish custom."); *see also Hebbe v. Pliler*, 627 F.3d 338, 341-42 (9th Cir. 2010) (although pro se pleadings are to be construed liberally, a plaintiff must present factual allegations sufficient to state a plausible claim for relief).  To the extent Clapp intended to allege a failure-to-train claim, dismissal was proper because Clapp failed to allege facts sufficient to show that the defendant City and County of San Francisco failed to train its officers properly and that the failure to train caused a deprivation of his rights.  *See Galen v. County of Los Angeles*, 477 F.3d 652, 667 (9th Cir. 2007) (discussing requirements to establish failure-to-train claim).

The district court properly dismissed Clapp's state law claims because Clapp failed to allege facts sufficient to show that he complied with, or was excused from, the claim presentment requirement of the California Government Claims Act. *See* Cal. Gov't Code § 911.2; *State v. Superior Ct.*, 90 P.3d 116, 122 (Cal. 2004) (plaintiff must allege facts demonstrating or excusing compliance with the claim presentation requirement; otherwise, complaint is subject to general demurrer).

The district court did not abuse its discretion in denying Clapp leave to file an eighth amended complaint after explaining the deficiencies in his prior complaints and giving Clapp a prior opportunity to amend. *See Gonzalez v. Planned Parenthood of L.A.*, 759 F.3d 1112, 1114, 1116 (9th Cir. 2014) (setting forth standard of review and explaining that a "district court's discretion in denying amendment is particularly broad when it has previously given leave to amend" (citation and internal quotation marks omitted)).

We reject as unsupported by the record Clapp's contention that the district court was biased against him.

Clapp's motions for extensions of time to file his reply brief (Docket Entry Nos. 28 & 29) are denied as moot because Clapp timely filed his reply brief.

**AFFIRMED.**