[Civ. No. B005146. Second Dist., Div. Five. Feb. 14, 1985.]

LINDA NORWOOD, Plaintiff and Appellant, v.
SOUTHERN CALIFORNIA RAPID TRANSIT DISTRICT,
Defendant and Respondent.

COUNSEL

Al Schallau and Jean Corey for Plaintiff and Appellant.

Robles & Verdugo and Martin Roy Robles for Defendant and Respondent.

OPINION

HASTINGS, J.—Appellant Linda Norwood appeals from a summary judgment granted in favor of respondent Southern California Rapid Transit District for her failure to comply with the statute of limitations embodied in Government Code section 945.6, subdivision (a)(1)[1] requiring a plaintiff to file a complaint within six months after a claim is rejected.

Appellant's decedent was injured on December 3, 1980, in which a bus of respondent was involved. He died of the injuries on December 11, 1980. Appellant retained Attorney Richard L. Robins to represent her with respect to decedent's death and he prepared a claim for damages on her behalf only

---

[1]Government Code section 945.6, subdivision (a) states: "Except as provided in Sections 946.4 and 946.6 and subject to subdivision (b), any suit brought against a public entity on a cause of action for which a claim is required to be presented in accordance with Chapter 1 (commencing with Section 900) and Chapter 2 (commencing with Section 910) of Part 3 of this division must be commenced: [¶] (1) If written notice is given in accordance with Section 913, not later than six months after the date such notice is personally delivered or deposited in the mail."

which was mailed to respondent on or about January 7, 1981.[2] It was received by respondent on January 23, 1981. Respondent rejected the claim in writing, on February 2, 1981, and mailed the notice of the rejection to Attorney Robins on that date.

Appellant was not the sole heir of the decedent. She had three brothers, Charles, Carwell and Johnny Norwood. On January 29, 1981, appellant terminated the employment of Attorney Robins. The law office of Johnny L. Cochran, Jr., was retained to represent her and her brothers in the wrongful death action. This firm prepared a claim (amended claim) for damages on behalf of Charles Norwood and "all family members of John A. Norwood, deceased." This claim was timely filed within the 100 days required by the claims statute and requested $1 million in damages.

On or about April 23, 1981, the amended claim was denied by operation of law. (Gov. Code, § 911.6.) Thereafter, respondent sent written notice to the law offices of Johnny L. Cochran, Jr., that the amended claim was rejected on July 22, 1981.

On September 22, 1981, plaintiffs Charles, Carwell, Johnny and Linda Norwood filed their complaint for wrongful death in Los Angeles County Superior Court. Summons and complaint were served by personal delivery on respondent on October 5, 1981.

On March 16, 1983, respondent filed its "Motion for Summary Judgment and for Dismissal of Plaintiff Linda Norwood's Complaint." The gist of respondent's motion was that the six-month statute of limitations began to run when appellant's original claim was rejected rather than when the amended claim was rejected. The motion was granted and this appeal followed.

■ The end result of the summary judgment removes appellant from the law suit but permits her three brothers to continue under the amended complaint. This clearly is placing form over substance. This is a wrongful death action. Code of Civil Procedure section 377 provides, in pertinent part, "(a) When the death of a person is caused by the wrongful act or neglect of another, his or her heirs or personal representatives on their behalf may maintain an action for damages against the person causing the death . . . . The respective rights of the heirs in any award shall be determined by the court. Any action brought by the personal representatives of the decedent pursuant to the provisions of Section 573 of the Probate Code may be joined

---

[2]Appellant states she was not aware of the claim because Attorney Robins did not inform her it was filed and no copy was sent to her.

with an action arising out of the same wrongful act or neglect brought pursuant to the provisions of this section. If an action be brought pursuant to the provisions of this section and a separate action arising out of the same wrongful act . . . be brought pursuant to the provisions of section 573 of the Probate Code, such action shall be consolidated for trial on the motion of any interested party.''

The right of action for wrongful death is statutory and was unknown to the common law. Numerous cases have held that the action permitted by section 377 is single, joint and indivisible to be exercised by all the heirs. (*Watkins* v. *Nutting* (1941) 17 Cal.2d 490, 498 [110 P.2d 384].) An action by some, but not all, of the heirs is not an action authorized by the section. (*Perkins* v. *Robertson* (1956) 140 Cal.App.2d 536, 542 [295 P.2d 972].) Thus, the basic legislative intent of section 377 is that there is but one wrongful death action for the benefit of all the heirs. With this concept in mind it can be argued, with impressive logic, that appellant's first claim was defective.

The proper claim was the amended claim, which notified respondent for the first time of the legally correct plaintiffs to the action. The amendment is authorized under Government Code section 910.6.[3]

The amended claim was filed before the 100-day period for filing such claims had elapsed. Therefore, respondent is not prejudiced by our ruling. ■ The purpose of the notice required by the claims statute is to inform the public body of the accident upon which a claim for damages is raised in order to permit its agents to investigate the facts and to determine whether the case should be settled or litigated. If the claim is to be litigated the public agency can move with dispatch to gather and preserve evidence. Any claim filed within 100 days of the accident serves this purpose. Appellant should not have been removed from the action.

The summary judgment is reversed.

Feinerman, P. J., and Ashby, J., concurred.

---

[3]Section 910.6 provides in pertinent part: "(a) A claim may be amended at any time before the *expiration* of the period designated in Section 911.2 or before final action thereon is taken by the board, whichever is later, if the claim as amended relates to the same transaction or occurrence which gave rise to the original claim. . . .''