[No. F049379. Fifth Dist. Jan. 17, 2007.]

MICHAEL H. SOFRANEK, Plaintiff and Appellant, v.
COUNTY OF MERCED et al., Defendants and Respondents.

## COUNSEL

Silver & Katz and Louis D. Silver for Plaintiff and Appellant.

Ruben E. Castillo and James N. Fincher, County Counsel, for Defendants and Respondents.

## OPINION

**GOMES, J.**—The trial court dismissed Michael H. Sofranek's action against Merced County (the County), the Merced County Sheriff's Office (Sheriff's Office) and Mark N. Pazin (collectively respondents) after sustaining respondents' demurrer to Sofranek's first amended complaint without leave to amend. Sofranek contends the court erroneously applied the six-month limitations period for bringing a governmental tort claim (Gov. Code, § 945.6), and erred in concluding he could not establish the elements of estoppel. As we shall explain, while we disagree with Sofranek's first contention, we agree the trial court erred in finding the doctrine of estoppel did not apply. Accordingly, we will reverse the judgment.

### FACTUAL AND PROCEDURAL BACKGROUND

Sofranek was employed as a correctional sergeant in the Sheriff's Office, a position he held for 27 years until his retirement in December 2004.[1] For

---

[1] Our summary of facts is derived from the record made in the trial court. When reviewing a judgment entered on a successful demurrer we accept all properly pled material facts as true. (*Serrano v. Priest* (1971) 5 Cal.3d 584, 591 [96 Cal.Rptr. 601, 487 P.2d 1241].) However, we will not assume the truth of contentions, deductions, or conclusions of law and fact. (*Moore v. Regents of University of California* (1990) 51 Cal.3d 120, 125 [271 Cal.Rptr. 146, 793 P.2d 479]; *People ex rel. Lungren v. Superior Court* (1996) 14 Cal.4th 294, 300–301 [58 Cal.Rptr.2d 855, 926 P.2d 1042].) Facts appearing in exhibits attached to the complaint are also accepted as

nearly 20 of those years he served as supervisor in the corrections division, and held the rank of sergeant for the last 19 years of his employment.

In January 2004, a vacancy opened in the Sheriff's Office for the position of commander in the corrections division. Although the County had enacted resolution No. 91-32, which requires all job openings to be publicized, as well as a competitive selection process, the County did not publicize the opening for the commander position or comply with the competitive selection process. Although Sofranek expressed interest in the position, on January 23, 2004, Undersheriff Blake told him Correctional Sergeant Ricky Thoreson had been promoted to the position. Sofranek believed the promotion was part of an agreement the County entered into with Thoreson and his wife to settle a lawsuit they filed against the County.

On February 17, 2004, Sofranek filed a claim form with the County pursuant to the Tort Claims Act (Gov. Code, § 810 et seq.).[2] He stated on the form that the date of the accident, incident or loss was January 26, 2004, and described the accident, incident, or loss as follows: "Merced County Board of Supervisors did not follow Merced County Resolution #91-32 when they agreed to promote Sergeant Ricci Thoreson to commander as part of a settlement in a sexual harassment suit filed by Leesa Thoreson. [¶] Not adhering to Resolution #91-32 denied me the position of commander." Sofranek listed the amount of the claim as $336,630, and described his losses as the difference in pay between the classifications for commander and sergeant, and lost retirement income due to his retirement at a lower pay classification.

The County's risk management department initiated an investigation into the claim, which it described as a request for "payment of loss of income due to actions arising from another lawsuit" and recommended the claim be denied and a notice of denial sent. On March 16, 2004, the board of supervisors approved the recommendation. On March 18, 2004, the County mailed Sofranek a "Notice of Action on Claim" which stated that the board of supervisors had rejected the claim on March 16, 2004, and contained the following warning: "If your claim was rejected in whole or in part, you have, subject to certain exceptions, only six (6) months from the date this notice was personally delivered or deposited in the mail to file a court action on this

---

true and given precedence over inconsistent allegations in the complaint. (*Barnett v. Fireman's Fund Ins. Co.* (2001) 90 Cal.App.4th 500, 505 [108 Cal.Rptr.2d 657]; *Holland v. Morse Diesel Internat., Inc.* (2001) 86 Cal.App.4th 1443, 1447 [104 Cal.Rptr.2d 239].)

[2] All further statutory references are to the Government Code.

claim. See Government Code Section 945.6. NOTE: This six month filing period applies only to State Court actions. If your action is based on federal law and/or you intend to file in Federal Court, a shorter or longer period within which to file the action may apply." The notice also advised Sofranek he could seek the advice of an attorney and if he wished to do so, he should do so immediately.

On July 21, 2004, Sofranek filed a second claim with the County. This claim stated the accident, incident or loss commenced on January 26, 2004, and the amount of the claim and description of the loss were identical to the claim filed in February. Instead of the brief description of the incident contained in the first claim, this claim incorporated a five-page attachment which explained in more detail the facts underlying Sofranek's claim and the theories on which it was based. In the attachment, Sofranek stated that according to the "policies, procedures and memoranda between the County of Merced and [Sofranek], including but not limited to the 'terms of employment Human resource Rules and Regulations,' promotions are to be based upon 'qualifications, performance, and length of service[,]'" as stated in human resource rules and regulations resolution No. 92-01, which was incorporated into the memorandum of understanding between Sofranek and the County. Sofranek claimed the County breached "this agreement" when it promoted Thoreson to "settle an unrelated lawsuit with no consideration for [Sofranek] and the agreed, historical, and implied basis of promotion stated and acted upon during [Sofranek's] entire career and as contained in the Memorandum of Understanding." Sofranek further stated that although he was "ready, willing, able and prepared to fully perform his obligation under the contract and assume the duties of commander as well as participate in the competitive promotion process[,]" he was denied this opportunity when the County promoted Thoreson.

Sofranek further explained in the attachment that upon learning of Thoreson's promotion, he began inquiring into the propriety of the promotion. On January 30, 2004, he submitted a notice of appeal to the County's director of human resources, Robert Morris, pursuant to section 5.A.1.C(1) of resolution No. 91-32, claiming the promotion involved alleged bias or fraud. In response, Morris sent Sofranek a letter which explained the promotion was based on a resolution of a court action and therefore did not fall under that section. Morris told Sofranek to set up an appointment with County Counsel Ruben Castillo. Sofranek met with Castillo on February 9. During that meeting, Castillo told Sofranek he had no appeal because the board of supervisors had approved the settlement with Thoreson. On February 17, Sofranek appealed the promotion to the County executive officer through a written memorandum and filed the claim

with the County. On February 26, Sofranek again wrote Morris, seeking the procedure for further appeal with the County. In a March 8 letter to Sofranek, Castillo explained (1) he was replying to the February 17 appeal to the executive officer; (2) resolution No. 91-32 did not apply to Thoreson's promotion; (3) even if the resolution applied, his appeal was deemed abandoned because it was not timely submitted; and (4) he abandoned his right to an administrative remedy by filing a government claim with the County on February 17.

The County's risk management department initiated an investigation into the second claim, which it determined to be an amendment to the claim filed on February 17, 2004, and which it described as "alleging Board of Supervisors failed to follow its adopted policy for employee promotions in actions to settle another lawsuit." The department recommended "the claim, as amended, be rejected" and a notice of denial sent. On August 17, 2004, the board of supervisors approved the recommendation. On August 20, 2004, the County mailed Sofranek a "Notice of Action on Claim" which stated that the board of supervisors had rejected the July 21, 2004, claim on August 17, 2004, and contained the following warning: "If your claim was rejected in whole or in part, you have, subject to certain exceptions, only six (6) months from the date this notice was personally delivered or deposited in the mail to file a court action on this claim. See Government Code Section 945.6. NOTE: This six month filing period applies only to State Court actions. If your action is based on federal law and/or you intend to file in Federal Court, a shorter or longer period within which to file the action may apply." The notice also advised Sofranek he could seek the advice of an attorney and if he wished to do so, he should do so immediately.

On January 31, 2005, Sofranek filed a complaint against respondents seeking damages for breach of a mandatory duty to publicize the job opening, as established in resolution No. 91-32, and breach of the memorandum of understanding between the County and the bargaining unit of which he was a member, in which the County agreed to comply with the duties set forth in resolution No. 91-32. Sofranek specifically alleged in the complaint that he filed a government tort claim with the County on July 21, 2004, which the County rejected on August 17, 2004, and mailed to him on August 20, 2004. Respondents demurred, contending the action was filed more than six months after the March 18 rejection of Sofranek's claim, and thus was barred under section 945.6. In opposition, Sofranek argued his second claim did not relate back to the first for purposes of determining when the six-month limitations period commenced, and even if it did, the County should be estopped from relying on it and he should be given leave to amend to plead facts supporting estoppel. The court sustained the demurrer, ruling the second claim was an amendment to the original claim and therefore the action was barred by the six-month limitations period of section 945.6, but gave Sofranek leave to amend.

Sofranek then filed a first amended complaint, which stated the same two causes of action asserted in the original complaint, namely breach of a mandatory duty and breach of contract. He did amend the allegations pertaining to his compliance with the Tort Claims Act. Specifically, Sofranek alleged: (1) he initially filed a " 'bare bones' " tort claim against the County on February 17, 2004, which stated the County violated resolution No. 91-32 by agreeing to promote Thoreson to the commander position as part of a settlement of his wife's sexual harassment suit, but did not explain how this violated the resolution; (2) the board of supervisors rejected the claim on March 16, 2004, and notice was mailed to him two days later; (3) he was concerned the initial claim had been rejected because it did not state sufficient facts, so he filed a second claim against the County on July 21, 2004, which described his experience in the corrections division, stated, " 'the promotion decision makers' were going to recommend that [he] be promoted instead of Sergeant Thoreson," he was prepared to participate in the competitive promotion process and he was ready, willing and able to assume the duties of commander; (4) the Board rejected the claim on August 17, 2004, and notice was mailed to him three days later; (5) both rejection notices contained the same warning that he had six months to file a court action on the claim; and (6) "[a]s a result of [respondents'] conduct [Sofranek] reasonably believed that he had six months to file this lawsuit from the date of the second Notice. [Sofranek] did in fact believe that he had until February 20, 2005 to file his action and he believed so in reliance on the Notice sent to him in August, 2004. [Respondents] should [be] estopped from claiming that this lawsuit was not filed in a timely manner."

Respondents demurred to the first amended complaint, again contending the action was filed more than six months after the March 18 rejection of Sofranek's claim, and thus was barred under section 945.6, and Sofranek did not allege sufficient facts to establish estoppel since the County was legally mandated to give the notices it did. In opposition, Sofranek argued he adequately alleged the required elements of estoppel. The court sustained the demurrer without leave to amend, ruling the second claim was an amendment to the original claim, therefore the action was barred by the six-month limitations period of section 945.6, and the doctrine of estoppel did not preclude respondents from asserting the six-month limitations period.

## DISCUSSION

█ " 'On appeal from a judgment dismissing an action after sustaining a demurrer without leave to amend, the standard of review is well settled. The reviewing court gives the complaint a reasonable interpretation, and treats the demurrer as admitting all material facts properly pleaded . . . .' The only issue on appeal is 'whether the complaint states facts sufficient to constitute a cause

of action.' " (*A. C. Label Co. v. Transamerica Ins. Co.* (1996) 48 Cal.App.4th 1188, 1191 [56 Cal.Rptr.2d 207], citations omitted.) "In order for the bar of the statute of limitations to be raised by demurrer, the defect must clearly and affirmatively appear on the face of the complaint; it is not enough that the complaint shows merely that the action may be barred." (*McMahon v. Republic Van & Storage Co., Inc.* (1963) 59 Cal.2d 871, 874 [31 Cal.Rptr. 603, 382 P.2d 875].)

■ Under the Tort Claims Act, a plaintiff may not maintain an action for money or damages against a public entity unless first a written claim has been presented to the public entity and rejected in whole or in part or deemed rejected by operation of law. (§§ 905, 905.2, 945.4.)[3] Failure to timely present a claim for money or damages to a public entity bars a plaintiff from filing a lawsuit against that entity. (*State of California v. Superior Court (Bodde)* (2004) 32 Cal.4th 1234, 1245 [13 Cal.Rptr.3d 534, 90 P.3d 116].) Before a cause of action may be stated, a plaintiff must allege either compliance with this procedure or circumstances excusing compliance. (*Ibid.*)

■ Two statutory time periods are relevant for purposes of our analysis of this case. First, under section 911.2, subdivision (a), personal injury claims against a local governmental entity must be presented to the entity within six months after accrual of the cause of action, while claims relating to any other cause of action must be presented within one year after the accrual of the cause of action. A party may amend his or her claim during these time periods if the claim as amended relates to the same transaction or occurrence which gave rise to the original claim, but the amendment "*shall be considered a part of the original claim for all purposes.*" (§ 910.6, subd. (a), italics added.) ■ Second, where, as here, the governmental entity provides the claimant with written notice of rejection, the claimant must bring an action against the entity within six months after "the date such notice is personally delivered or deposited in the mail." (§ 945.6, subd. (a)(1).) This six-month deadline "is mandatory and must be strictly complied with." (*Julian v. City of San Diego* (1986) 183 Cal.App.3d 169, 176 [229 Cal.Rptr. 664] (*Julian*).)

In this case, Sofranek submitted both of his claims within the requisite period, but filed his lawsuit more than six months after the County denied his first claim. Sofranek argues his action was timely because it was filed within six months after the County responded to his second claim. Respondents

---

[3] Section 945.4 provides in full: "Except as provided in Sections 946.4 and 946.6, no suit for money or damages may be brought against a public entity on a cause of action for which a claim is required to be presented in accordance with Chapter 1 (commencing with Section 900) and Chapter 2 (commencing with Section 910) of Part 3 of this division until a written claim therefor has been presented to the public entity and has been acted upon by the board, or has been deemed to have been rejected by the board, in accordance with Chapters 1 and 2 of Part 3 of this division."

disagree, asserting that the second claim amended the first claim, and therefore, pursuant to section 910.6, subdivision (a), it must be considered part of the first claim for all purposes. Respondents reason that "for all purposes" includes the notice of rejection the County served in March 2004 with respect to the first claim, and since the lawsuit was filed more than six months after that date, Sofranek's lawsuit is untimely.

■ It has been held that where a second claim relates to the same underlying facts and "amounts to no more than an attempt to amend the original claim," the amendment relates back to the date the original claim was filed and therefore the six-month statute of limitations begins to run from the date the first claim was rejected. (*Julian, supra,* 183 Cal.App.3d at pp. 173–176; see also *Dixon v. City of Turlock* (1990) 219 Cal.App.3d 907, 912 [268 Cal.Rptr. 510] [holding city which notified claimant it had rejected claim filed as untimely was not required to repeat warning in response to second claim filed, "as an amended claim relates back to the original claim"].) In *Julian,* after a minor was injured in April 1984 at a beach operated by the City of San Diego, he filed a claim for damages with the city in June 1984, which stated, among other things, that he did not know the name of the city's employees who caused his injury. In August 1984, the city informed him his claim was denied by operation of law and he had six months within which to file a court action on his claim. In March 1985, over six months later, the minor filed an application to present a late claim for damages for personal injuries arising from the April 1984 accident, which alleged substantially identical facts and named specific city employees allegedly responsible for the accident. In April 1985, the city advised the minor it would not take any action on the application because he had already filed a timely claim. (*Julian, supra,* 183 Cal.App.3d at pp. 171–172.)

On appeal from the denial of the minor's petition for an order relieving him from the claim filing requirements, the minor asserted the trial court was required to grant his petition because he was a minor during the entire period he was required to present a separate claim for damages against the city employees and he applied for late claim relief within a reasonable time. (*Julian, supra,* 183 Cal.App.3d at p. 175.) The Court of Appeal held, however, that the minor's contention failed because he was not required to file a separate claim for damages against the city employees before he could commence suit against them. (*Id.* at p. 175.) The court found the allegations in the two claims were substantially identical, with the only significant difference being the substitution of the public employees' names in the later

claim. (*Id.* at pp. 175–176.) The court explained: "In essence, the later claim amounts to no more than an attempt to amend the original claim. Such being the case, . . . the amendment relates back to the date the original claim was filed. As a consequence, the six-month statute of limitations began to run from the date the claim was deemed rejected by operation of law." (*Id.* at p. 176.)

■ Although this case arose in a factual context slightly different from the one in the present action, the court considered the same legal issue raised here, namely when the six-month statute of limitations begins to run following submission of an amended claim, and its legal reasoning necessarily extends to the circumstances in this case. Moreover, the *Julian* court's conclusion is statutorily based. Section 910.6, subdivision (a), provides that although a claim may be amended any time before the expiration of the six-month period or before the public entity has taken final action on the claim (whichever is later), "if the claim . . . relates to the same transaction or occurrence which gave rise to the original claim . . . [*t*]*he amendment shall be considered a part of the original claim for all purposes*." (Italics added.) Under the plain language of this code section, an amendment is considered part of the original claim "for all purposes[,]" which necessarily includes prior notifications regarding action or nonaction taken on the claim as well as claim-filing deadlines. There is nothing in the applicable code sections creating an express or implied exception to this rule. Thus, a denial of the first government tort claim serves as the mandatory trigger for the six-month limitations period and this time period is unaffected by an amendment to that claim.

In seeking to avoid this conclusion, Sofranek argues his second claim was not an amendment of the first claim because the first claim was insufficient to comply with the Tort Claims Act's requirements. In so arguing, Sofranek relies on *Norwood v. Southern Cal. Rapid Transit Dist.* (1985) 164 Cal.App.3d 741 [211 Cal.Rptr. 6], where the court held the denial of a second claim triggered the six-month period because the first claim was legally deficient and the second claim was necessary to preserve the right to bring the wrongful death action. (*Id.* at pp. 743–744.) In *Norwood*, the appellant submitted a wrongful death claim, which the public entity rejected. (*Id.* at p. 743.) After changing attorneys, the appellant joined in an amended claim submitted on behalf of " 'all family members' " of the deceased, which included the appellant and her brothers, which the public entity also rejected.

(*Ibid.*) Within six months of this rejection, the appellant and her brothers filed a wrongful death lawsuit. The trial court granted summary judgment and dismissed the appellant from the action because her claim was filed more than six months before the lawsuit was filed, but permitted the brothers to remain as plaintiffs. (*Ibid.*) The appellate court reversed, holding the six months to file the complaint ran from the rejection of the second claim as to all plaintiffs, since an "action by some, but not all, of the heirs is not an action authorized" under the wrongful death statutes. (*Id.* at p. 744.) As the first claim was defective because it did not include the necessary heirs, the court concluded the only legally correct claim was the amended one. (*Ibid.*)

The legal rationale underlying the *Norwood* decision is inapplicable here because Sofranek's first claim was proper and a new claim was not a necessary predicate to filing a lawsuit. (See Weil & Brown, Cal. Practice Guide: Civil Procedure Before Trial (The Rutter Group 2006) ¶ 1:741, p. 1-159 [*Norwood* does not apply to extend the limitations period where the second claim was an "unnecessary amendment"], boldface omitted.) In the second claim, Sofranek added more details about the incident and his attempts to appeal the promotion, but these facts were not necessary because a claim need only set forth the fundamental facts giving rise to the plaintiff's injury. (See *Brownell v. Los Angeles Unified School Dist.* (1992) 4 Cal.App.4th 787, 794 [5 Cal.Rptr.2d 756].) Although Sofranek states that "the allegations in the first claim were insufficient," and "[h]ad he not filed a second claim, respondent[s] would undoubtedly have challenged the sufficiency of [his] first claim[,]" he does not cite any authority for these assertions.

*Norwood* has never been extended beyond its narrow facts and we decline to do so here. Nothing in *Norwood* suggests that public entities must always respond to amended claims as if they were new claims, or that plaintiffs can disrupt already-running statutes of limitation by presenting repetitious claims. Any such interpretation would violate section 910.6's clear rule that amendments to claims "shall be considered a part of the original claim for all purposes." Moreover, if we read *Norwood* as permitting a plaintiff to toll the running of the limitation period merely by amending a claim for no essential reason, the carefully delineated statutory time limits would become blurred.

Sofranek's reliance on *Kane v. County of San Diego* (1969) 2 Cal.App.3d 550 [83 Cal.Rptr. 19], is also misplaced. In *Kane*, the board of supervisors failed to act on the plaintiff's claim within 45 days of receipt, which

constituted an automatic rejection of the claim by operation of law. Nearly one month later, the board actually considered and rejected the claim, and provided the plaintiff with notice of the rejection. The appellate court held the six-month limitations period in which to file suit began to run not from the date of the rejection by operation of law, but from the date the board of supervisors actually rejected the claim. (*Id.* at p. 554.) Since this case did not address the legal issue presented here, namely whether the statutory trigger ran from an original or amended claim, it does not help Sofranek.

Here, as the second claim related to the same occurrence described in the first claim, namely Thoreson's promotion to commander, and, as Sofranek describes it, merely "explain[ed] how respondent violated its Personnel Ordinance[,]" the second claim amended the first. Consequently under section 910.6, subdivision (a), the second claim "shall be considered part of the original claim for all purposes," which includes the notice of rejection mailed to Sofranek in March 2004. Accordingly, the six-month limitations period began running when the first notice of rejection was mailed, namely March 18, 2004, and this action, filed on January 31, 2005, was not timely filed unless the County is estopped from asserting the bar of the statute of limitations.

■ In order to assert equitable estoppel, the following four elements must be present: (1) the party to be estopped must be apprised of the facts; (2) he must intend that his conduct be acted on, or must so act that the party asserting estoppel had a right to believe it was so intended; (3) the party asserting estoppel must be ignorant of the true state of facts; and (4) he must rely upon the conduct to his injury. (*Kleinecke v. Montecito Water Dist.* (1983) 147 Cal.App.3d 240, 245–246 [195 Cal.Rptr. 58], citing *Denham v. County of Los Angeles* (1968) 259 Cal.App.2d 860, 866 [66 Cal.Rptr. 922].) "The doctrine of equitable estoppel is based on the theory that a party who by his declarations or conduct misleads another to his prejudice should be estopped from obtaining the benefits of his misconduct. . . . Under appropriate circumstances equitable estoppel will preclude a defendant from pleading the bar of the statute of limitations where the plaintiff was induced to refrain from bringing a timely action by the fraud, misrepresentation or deceptions of defendant." (*Kleinecke*, at p. 245, citations omitted.)

■ "To establish estoppel as an element of a suit the elements of estoppel must be especially pleaded in the complaint with sufficient accuracy to disclose facts relied upon. [Citation.]" (*Chalmers v. County of Los Angeles*

(1985) 175 Cal.App.3d 461, 467 [221 Cal.Rptr. 19].) Whether equitable estoppel applies is normally a question of fact. (*Bertorelli v. City of Tulare* (1986) 180 Cal.App.3d 432, 440 [225 Cal.Rptr. 582].) However, where the complaint pleads undisputed facts establishing that equitable estoppel does not apply, the issue may be resolved on demurrer. (*Cal. Cigarette Concessions v. City of L. A.* (1960) 53 Cal.2d 865, 868 [3 Cal.Rptr. 675, 350 P.2d 715].)

Here, Sofranek alleged that in response to both his February and July claims, the County mailed him identical rejection notices which stated he had six months from the date each notice was deposited in the mail to file a state court action on the claims. Only the County knew whether in the application of section 945.6, it would assert reliance upon the first notice of rejection mailed in March 2004 or the second notice of rejection mailed in August 2004. Sofranek alleged that as a result of the warning contained in the August notice, he reasonably believed he had six months from the date of the second notice to file his lawsuit. Given that an amendment to a claim relates back to the original claim for all purposes, including a notice of rejection, Sofranek reasonably could interpret the County's conduct in sending out a second notice in response to the second claim informing him he had six months from the date that notice was mailed to file a court action as manifestation of an intent to waive the County's right to stand upon the first rejection notice. Put another way, by informing Sofranek he had six months from August 2004 to file suit, the County's course of conduct was inconsistent with treating the limitations period as running from the March 2004 rejection notice.

Respondents contend the August 2004 notice could not have misled Sofranek because the notice warned that if the claim was rejected, he had "*subject to certain exceptions*, only six (6) months from the date this notice was . . . deposited in the mail to file a court action on this claim. See Government Code Section 945.6." (Italics added.) Respondents claim that this warning put Sofranek on inquiry notice that there were exceptions to the six-month limitations period, and if Sofranek had investigated the matter, he would have found the relation-back effect of amended claims to be one of the exceptions. Respondents ignore, however, that the notice specifically referred Sofranek to section 945.6, which does not make any reference to amended claims, but instead specifically refers to exceptions pertaining to the failure to present a claim when the statement of a public agency is not on file or is inaccurate (§ 946.4) and denial of an application for leave to present a claim

(§ 946.6).[4] Thus, even if Sofranek had investigated the law and determined an amended claim related back to the original claim for all purposes, based on section 945.6's failure to mention rejections of amended claims as exceptions to the six-month limitations period coupled with the County's statement that he had six months from the mailing of the August 2004 notice to file suit, Sofranek would be justified in relying on the County's conduct as indicative that the County was waiving its right to stand on the first rejection notice.

For this reason, the present case is distinguishable from the one respondents rely on, *Dowell v. County of Contra Costa* (1985) 173 Cal.App.3d 896 [219 Cal.Rptr. 341] (*Dowell*), in which the court held the mailing of a notice of rejection of a claim against a public entity starts the running of the six-month limitations period even if the notice does not state the date it was mailed and is not accompanied by a proof of service. In *Dowell*, the court charged the claimant with knowledge of the six-month statute of limitations and placed on her the duty to investigate the exact date the rejection was mailed. (*Dowell, supra,* 173 Cal.App.3d at pp. 901–902.) In contrast to the situation in *Dowell*, in which an investigation by the claimant would have revealed the facts necessary for her to file a timely complaint, here an investigation of the law on amended claims would not necessarily have revealed that the County was relying on the first notice of rejection as providing the date from which the six-month limitations period commenced running given the County's statement in the second notice that the six month limitations period ran from the date of mailing of the second notice.

In sum, Sofranek has pled sufficient facts which, if established, would show he reasonably relied on the County's conduct and it would therefore be inequitable to permit respondents to assert that the County intended to stand upon the first rejection notice as commencing the six-month limitations period. Accordingly, the trial court erred in sustaining the demurrer to the first amended complaint.

---

[4] Section 945.6 provides in pertinent part: "(a) Except as provided in Sections 946.4 and 946.6 and subject to subdivision (b), any suit brought against a public entity on a cause of action for which a claim is required to be presented in accordance with Chapter 1 (commencing with Section 900) and Chapter 2 (commencing with Section 910) of Part 3 of this division must be commenced: [¶] If written notice is given in accordance with Section 913, not later than six months after the date such notice is personally delivered or deposited in the mail. . . . [¶] . . . [¶] (b) When a person is unable to commence a suit on a cause of action described in subdivision (a) within the time prescribed in that subdivision because he has been sentenced to imprisonment in a state prison, the time limit for the commencement of such suit is extended to six months after the date that the civil right to commence such action is restored to such person, . . . [¶] (c) A person sentenced to imprisonment in a state prison may not commence a suit on a cause of action described in subdivision (a) unless he presented a claim in accordance with Chapter 1 (commencing with Section 900) and Chapter 2 (commencing with Section 910) of Part 3 of this division."

## DISPOSITION

The judgment is reversed. Sofranek is awarded his costs on appeal.

Vartabedian, Acting P. J., and Levy, J., concurred.

Respondents' petition for review by the Supreme Court was denied April 11, 2007, S150564. George, C. J., did not participate therein.