Filed 10/21/13  Shneyder v. Sokolovsky CA2/2

## NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION TWO

| | |
|---|---|
| VALERY SHNEYDER, | B239085 |
| Plaintiff and Appellant, | (Los Angeles County Super. Ct. No. LC088327) |
| v. | |
| POLINA SOKOLOVSKY et al., | |
| Defendants and Respondents. | |

APPEAL from a judgment of the Superior Court of Los Angeles County. Frank J. Johnson, Judge.  Affirmed.

Lavely & Singer Professional Corporation, Paul N. Sorrell for Plaintiff and Appellant.

No appearance for Defendants and Respondents.

_____

In settlement of a prior lawsuit, respondents agreed to make three separate payments to appellant. Appellant never received the third payment and sued for breach of contract. The trial court below found that the statute of limitations expired before appellant brought this action and entered judgment in favor of respondents. We affirm.

## BACKGROUND

In July 2004, appellant, Valery Shneyder, and other plaintiffs brought suit against respondents, Polina and Gene Sokolovsky, and other defendants after disputes arose relating to the parties' acquisition of multiple parcels of real property (the prior action). The parties eventually entered into settlement negotiations and various drafts of a written settlement agreement were created. A notice of settlement was filed and the case was dismissed.

The terms of the settlement agreement discussed among the parties called for the conveyance of Shneyder's interest in various properties to appellants, and respondents' payment to Shnedyer of $579,800 in three separate principal payments, in the amounts of $383,500, $135,000, and $61,300. Respondents paid the first amount of $383,500, plus interest. They also paid the second amount of $135,000, again with interest. According to Shneyder's trial testimony in the instant action, in 2009 respondents paid a total of $11,000 toward the remaining $61,300 obligation.

Shneyder initiated this action on January 25, 2010, after respondents failed to make any further payments. His complaint alleged, inter alia, that the parties entered into a written settlement agreement to resolve the prior action and that defendants breached the agreement by failing to make all required payments.

Trial to the court began on September 19, 2011. At trial, it emerged that no complete, finalized version of a settlement agreement resolving the prior action could be found. Instead, at least two different versions of a settlement agreement were introduced. One of the proffered versions allowed for a deficiency judgment in the event of foreclosure upon notes and deeds of trust securing the payment obligations. The other version did not. Furthermore, one version had signatures of some parties; the other

2

version contained other parties' signatures. Neither version had signatures of all the parties to the prior action.

Nevertheless, Shneyder testified that the prior action was settled and that all parties executed a settlement agreement. In contrast, respondent Polina Sokolovsky testified that the prior action was not settled because the parties could not agree on terms, and the trial court dismissed the case because it got tired of dealing with it. Her husband, respondent Gene Sokolovsky, likewise testified that there was no settlement.

After presentation of the evidence and argument, the trial court rendered its decision. The court stated that respondents' "attempt to come into this court and try and have this court believe that they just randomly decide to pay several hundred thousand dollars to the plaintiff in this case for no apparent reason and that, independently of that random decision on their part, the court just got tired of the case and decided to dismiss it is so obviously false as to be insulting to this court to even suggest it. It's obvious that a settlement was achieved between the parties to dispose of that lawsuit, so the defendants' suggestions to the contrary are just laughable." The court noted, however, that there were differing versions of the settlement agreement, none of which was fully signed. Thus, the court could not find that any written agreement was effective. But, the court found that the evidence clearly established that the parties made an oral agreement to settle the prior action.

This finding did not compel judgment in favor of Shneyder, however. The trial court found no evidence that breach of the oral agreement occurred within two years of the initiation of this action on January 25, 2010, and so it found Shneyder's breach of contract claim barred by the statute of limitations. (Code Civ. Proc., § 339.)

Judgment was entered in favor of respondents. All parties were ordered to bear their own costs. In so ordering, the trial court stated: "Given the obvious perjury that occurred on behalf of the defense . . . I'm not inclined to find either party the prevailing party in this litigation."

Shneyder timely filed a notice of appeal.

3

On an appeal following a bench trial, we review the trial court's findings of fact for substantial evidence. (*Brewer v. Murphy* (2008) 161 Cal.App.4th 928, 935.) "Where [the] statement of decision sets forth the factual and legal basis for the decision, any conflict in the evidence or reasonable inferences to be drawn from the facts will be resolved in support of the determination of the trial court decision." (*In re Marriage of Hoffmeister* (1987) 191 Cal.App.3d 351, 358.) Questions of law are reviewed de novo. (*Ghirardo v. Antonioli* (1994) 8 Cal.4th 791, 799; *Bostean v. Los Angeles Unified School Dist.* (1998) 63 Cal.App.4th 95, 107.)

## I. Statute of Limitations

On appeal, Shneyder argues that the settlement agreement was enforceable as an oral contract because it was breached less than two years prior to the filing of this action. Shneyder contends that respondents' payment of $11,000 in 2009 had the effect of recommencing the statute of limitations, so that it began to run from the time that the payment was made.[1]

We note that Shneyder made no such argument in the trial court. Indeed, in a supplemental trial brief filed on September 28, 2011, Shneyder argued that defendants, through the use of false pretenses, led Shneyder to refrain from filing suit earlier, which took "this matter beyond the statute of limitations." Likewise, in argument made to court near the end of trial, Shneyder's attorney stated: "[M]y client was fraudulently induced to wait until this became too late. Can't do anything now at this point; statute of limitations is over, and he'll be left holding the bag." Through this affirmative representation that the statute of limitations expired, Shnedyer waived the right to argue on appeal that the action was timely. (See *Mary M. v. City of Los Angeles* (1991) 54 Cal.3d 202, 212 ["Under the doctrine of invited error, when a party by its own conduct

---

[1]     No respondents' brief was filed. As with any appeal, however, appellant still bears the burden of affirmatively demonstrating error. (*Kriegler v. Eichler Homes, Inc.* (1969) 269 Cal.App.2d 224, 226-227.)

induces the commission of error, it may not claim on appeal that the judgment should be reversed because of that error"]; *Conservatorship of Joseph W.* (2011) 199 Cal.App.4th 953, 968-969 [appellant waived claim of error through affirmative conduct and/or failure to bring issue to trial court's attention]; *JRS Products, Inc. v. Matsushita Electric Corp. of America* (2004) 115 Cal.App.4th 168, 178.)

In any event, the conclusion that the statute of limitations had expired was correct. Shneyder's complaint alleged that respondents breached the contract on September 26, 2007, by failing to pay the sum of $61,300, plus interest. The complaint was filed on January 25, 2010, more than two years after the asserted breach, and thus beyond the statute of limitations for an oral contract. (Code Civ. Proc., § 339.)

Shneyder's argument on appeal that respondents made payments of $11,000 in 2009 and thereby restarted the statutory period is incorrect. Shneyder relies on Code of Civil Procedure section 360, which provides: "No acknowledgment or promise is sufficient evidence of a new or continuing contract, by which to take the case out of the operation of this title [time of commencing actions], unless the same is contained in some writing, signed by the party to be charged thereby, provided that any payment on account of principle or interest due on a promissory note made by the party to be charged shall be deemed a sufficient acknowledgment or promise of a continuing contract to stop, from time to time as any such payment is made, the running of the time within which an action may be commenced upon the principal sum or upon any installment of principal or interest due on such note, and to start the running of a new period of time, but no such payment of itself shall revive a cause of action once barred." The problem with Shneyder's argument is that respondents' debt was not based on a promissory note, but rather an oral contract. Although the record does contain a copy of a promissory note for $61,300, the obligor on that note is Tatyana Dudova, not either respondent. Thus, Code of Civil Procedure section 360 had no application to the obligation owed by respondents.

It is true that in *James de Nicholas Associates, Inc. v. Heritage Constr. Corp.* (1970) 5 Cal.App.3d 421, 426, a breach of oral contract case, the Court of Appeal stated that "a part payment may serve to *extend* the limitation period and make it run from the

last payment." But the question in *de Nicholas* was whether a partial payment mandated application of a four-year statute of limitations instead of two years, which the court answered in the negative. (*Ibid.*) The statement about a partial payment extending the limitations period was merely dictum.

Furthermore, *de Nicholas* relied on *Eilke v. Rice* (1955) 45 Cal.2d 66 as support for the proposition that the limitations period was extended. *Eilke v. Rice*, however, involved the application of Code of Civil Procedure section 360 to payment on a promissory note, not an obligation arising from an oral contract. (*Eilke v. Rice*, at pp. 68-69.) Payment of interest on an oral agreement does not extend the statutory period in which a breach of oral contract claim may be brought. The trial court, therefore, correctly determined that the statute of limitations had expired.

## II. Estoppel

Shneyder makes an alternative argument that respondents were barred from asserting the statute of limitations defense by estoppel. Shneyder made the same argument in the trial court.

Whether estoppel applies is a question of fact, unless the facts are undisputed. (*Sofranek v. County of Merced* (2007) 146 Cal.App.4th 1238, 1251.) "'"Equitable estoppel . . . comes into play only after the limitations period has run and addresses . . . the circumstances in which a party will be estopped from asserting the statute of limitations as a defense to an admittedly untimely action because his conduct has induced another into forbearing suit within the applicable limitations period. [Equitable estoppel] is wholly independent of the limitations period itself and takes its life . . . from the equitable principle that no man [may] profit from his own wrongdoing in a court of justice."'" (*Lantzy v. Centex Homes* (2003) 31 Cal.4th 363, 383.) To show an estoppel generally, "'(1) the party to be estopped must be apprised of the facts; (2) he must intend that his conduct be acted upon, or must so act that the party asserting the estoppel had a right to believe it was so intended; (3) the other party must be ignorant of the true state of facts; and (4) he must rely upon the conduct to his injury.'" (*Mills v. Forestex Co.* (2003) 108 Cal.App.4th 625, 655.)

6

We find that substantial evidence supports the trial court's conclusion that respondents were not estopped from asserting a statute of limitations defense. Significantly, Shneyder does not point to any fact known by respondents of which he was unaware, or establish that he reasonably relied on any representation by respondents. In his brief, Shneyder argues that he provided multiple extensions of time for respondents to pay the remaining amounts due. But in the trial testimony cited by Shneyder, he stated that respondent Polina Sokolovsky "was not returning my calls; so I had to take action," and that she ignored the demand letter that he hired an attorney to write, which contained a vague reference to previous "verbal extensions." This does not evidence the sort of conduct necessary to support a finding of estoppel. "Mere allegations that plaintiff believed that 'the check was in the mail' do not establish either ignorance of the true state of facts, or reasonable reliance by plaintiff to his detriment." (*Lundeen Coatings Corp. v. Department of Water & Power* (1991) 232 Cal.App.3d 816, 829.) Here, the record does not even contain evidence of assertions that "the check was in the mail"; rather, it only vaguely alludes to purported extensions. The trial court, therefore, was clearly justified in declining to find estoppel.[2]

---

[2] Shneyder's cursory argument that Polina Sokolovsky entered into an enforceable written agreement is meritless. The draft settlement agreement explicitly stated that it was binding only if executed by all parties. There was no settlement agreement containing all parties' signatures.

## DISPOSITION

The judgment is affirmed.

NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS.


                                         BOREN, P.J.

We concur:


        CHAVEZ, J.


        FERNS, J.*

_____

*       Judge of the Los Angeles Superior Court, assigned by the Chief Justice pursuant to article VI, section 6 of the California Constitution.