Filed 9/15/16  Lewis v. Monthei CA1/5

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

FIRST APPELLATE DISTRICT

DIVISION FIVE

| | |
|---|---|
| KEITH ALLEN LEWIS, SR.,<br><br>    Plaintiff and Appellant,<br><br>v.<br><br>E. MONTHEI ET AL.,<br><br>    Defendants and Respondents. | A143941<br><br>(Marin County<br>Super. Ct. No. CIV1401394) |

Plaintiff and appellant Keith Allen Lewis, Sr., appearing in propia persona, contends the trial court erred in sustaining respondents' demurrer without leave to amend. We affirm.

BACKGROUND

Appellant is a California inmate housed at San Quentin State Prison.  On April 1, 2014, appellant filed a form complaint alleging a cause of action for general negligence against Kevin Chappell, E. Monthei, Paul Burton, and Sheila Dickson.  A June 2014 amended complaint indicates Chappell was sued in his capacity as Warden of San Quentin State Prison during the time at issue in this action; E. Monthei, Paul Burton, and Sheila Dickson were sued in their capacity as psychiatrists employed at San Quentin State Prison during the time at issue.

Lewis's April 2014 complaint alleged that, on September 22, 2013, Dr. Dickson issued a false "Serious Rules Violation Report" regarding appellant, in retaliation for a document authored by appellant that alleged wrongdoing by doctors at San Quentin.  He also alleged that Dr. Dickson "sexually molested" him.  In June 2014, respondents

1

demurred on the ground that appellant had failed to comply with the claim-presentation requirements of the Government Claims Act ("Claims Act") (Govt. Code § 810 et seq.). Appellant filed a first amended complaint and the trial court gave appellant until August 5 to "file his papers showing compliance with the Government Claims Act. . . ." Later in August, the trial court stayed the action for 60 days "to allow plaintiff to file an application with the Victim Compensation & Government Claims Board . . . to present a late claim, and to take any necessary procedural steps thereafter."

In November 2014, the trial court sustained respondents' demurrer to appellant's amended complaint without leave to amend. The court granted respondents' request for judicial notice of certain records of the Victim Compensation & Government Claims Board. The court noted that, although appellant had been afforded additional time to demonstrate compliance with the claim-presentation requirements of the Claims Act, appellant had "provided the court with no information about any written late-claim application . . . ." The trial court found that, based on the documents that were the subject of respondents' request for judicial notice, appellant could not amend his complaint to show he presented a timely claim. Additionally, the court found that appellant's allegations failed to state a recognized cause of action. Among other things, the court noted that Dr. Dickson's allegedly false report would be privileged under section 47 of the California Civil Code.

The trial court denied appellant's motion for reconsideration, and the present appeal followed.

DISCUSSION

" 'On appeal from an order of dismissal after an order sustaining a demurrer, our standard of review is de novo, i.e., we exercise our independent judgment about whether the complaint states a cause of action as a matter of law.' " (*Los Altos El Granada Investors v. City of Capitola* (2006) 139 Cal.App.4th 629, 650.) Where the trial court has sustained a demurrer without leave to amend, "we decide whether there is a reasonable possibility that the defect can be cured by amendment: if it can be, the trial court has abused its discretion and we reverse; if not, there has been no abuse of discretion and we

2

affirm. [Citations.] The burden of proving such reasonable possibility is squarely on the plaintiff." (*Blank v. Kirwan* (1985) 39 Cal.3d 311, 318; accord *Zelig v. County of Los Angeles* (2002) 27 Cal.4th 1112, 1126.)

The "failure to allege facts demonstrating or excusing compliance with the claim presentation requirement [of the Claims Act] subjects a claim against a public entity to a demurrer for failure to state a cause of action." (*State of California v. Superior Court* (2004) 32 Cal.4th 1234, 1239.) In that instance, neither can a claim be asserted against a public employee for injury resulting from an act in the scope of his or her employment. (*Fisher v. Pickens* (1990) 225 Cal.App.3d 708, 718.) Appellant has not shown he can amend his complaint to allege compliance with the claim presentation requirements of the Claims Act, which requires that all claims for money or damages against a public entity be presented to the public entity and rejected before initiation of a lawsuit. (*State of California*, at p. 1239; *Sofranek v. County of Merced* (2007) 146 Cal.App.4th 1238, 1246.)

One requirement the trial court focused upon is the requirement that a claimant pay a fee or obtain a fee waiver before a claim can be considered presented. In particular, Government Code section 911.2, subdivision (b), provides, "[f]or purposes of determining whether a claim was commenced within the period provided by law, the date the claim was presented to the Department of General Services is" either the date the claim was submitted with a $25 filing fee; the date the claim was submitted with an affidavit requesting a fee waiver that is ultimately granted; or the date the claim was submitted with an affidavit requesting a fee waiver that is ultimately denied, if the fee is promptly paid thereafter. The trial court's order sustaining the demurrer points out that the judicially noticed documents show appellant did not pay the $25 fee or obtain a waiver. Absent payment of the fee or grant of a waiver request, appellant's claim was never "presented" within the meaning of the Claims Act and a lawsuit could not be initiated. On appeal, appellant does not contend he can amend his complaint to allege payment of the fee or grant of a fee waiver. Accordingly, the trial court properly sustained the demurrer.

3

Because appellant has not shown he can amend his complaint to allege his claim was "presented" within the meaning of the Claims Act, we need not address respondents' additional contentions that any claim presented was untimely and that appellant failed to await a decision on his claim before filing his lawsuit.  Neither need we address the trial court's additional ground that appellant's allegations failed to state a cause of action.

DISPOSITION

The trial court's judgment is affirmed.  Costs on appeal are awarded to respondents.

_____

SIMONS, Acting P.J.

We concur.

_____

NEEDHAM, J.

_____

BRUINIERS, J.

(A143941)