Filed 10/31/24  Guerrero v. L.A. Unified School Dist. CA2/1

**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION ONE

| | |
|---|---|
| JAVIER GUERRERO, a Minor, etc.,<br><br>Plaintiff and Appellant,<br><br>v.<br><br>LOS ANGELES UNIFIED SCHOOL DISTRICT,<br><br>Defendant and Respondent. | B335296<br><br>(Los Angeles County Super. Ct. No. 19STCV05995) |

APPEAL from an order of the Superior Court of Los Angeles County, Douglas W. Stern, Judge.  Reversed.

Schonbrun Seplow Harris Hoffman & Zeldes, Wilmer J. Harris; Rivers Law, Inc., and Surisa Rivers for Plaintiff and Appellant.

BDG Law Group, Michele M. Goldsmith and Matthew R. Hicks for Defendant and Respondent.

Javier Guerrero appeals from an order denying his petition filed under Government Code section 946.6[1] for relief from the Government Claims Act presentation requirements. For the reasons given below, we reverse.

**FACTUAL SUMMARY AND PROCEDURAL HISTORY**

In May 2018, Guerrero submitted a claim for damages to the Los Angeles Unified School District (LAUSD) under the Government Claims Act. (§ 810 et seq.) Guerrero, then a minor, alleged that "since 2004" LAUSD had violated his rights under the Americans with Disabilities Act of 1990, section 504 of the Rehabilitation Act of 1973, and the Unruh Civil Rights Act (Civ. Code, § 51). Guerrero asked that, to the extent LAUSD considered any part of his claim to be filed late, the claim be treated as "an application for late filing." (See § 911.4.)

On June 12, 2018, Guerrero filed an amended claim with additional facts supporting his allegations. Guerrero again requested that the claim, to the extent it is deemed late, be considered as an application to file a late claim. LAUSD failed to act on the application to file a late claim within 45 days after the amended claim was filed.[2]

On August 21, 2018—70 days after Guerrero filed his amended application for late filing—a liability claims coordinator with LAUSD sent Guerrero a letter informing him that "on August 21, 2018" LAUSD had denied his "application for leave

---

[1] Subsequent unspecified statutory references are to the Government Code.

[2] LAUSD's action, if any, with respect to Guerrero's claim, as distinct from his application for late claim, is not before us.

2

to present a late claim." (Capitalization omitted.) The letter further states: "WARNING [¶] 'If you wish to file a court action on this matter, you must first petition the appropriate court for an order relieving you from the provisions of . . . section 945.4. . . . Such petition must be filed . . . within six (6) months from the date your application for leave to present a late claim was denied.' "

On February 20, 2019—six months after the date of the August 21, 2018 letter—Guerrero filed a petition for relief from the provisions of section 945.4 on the ground, among others, that he was entitled to relief under the Government Code provision that permits a public entity to grant an application to file a late claim. (§ 911.4.) Among other contentions, Guerrero asserted that, as a result of the August 21, 2018 letter, LAUSD is estopped from arguing that his petition was untimely.

After briefing and a hearing, the court denied Guerrero's petition as untimely. The court explained that, under section 911.6, subdivision (c), Guerrero's application to file a late claim "was deemed denied by operation o[f] law" on July 27, 2018—45 days after Guerrero presented the June 12, 2018 amended application to LAUSD. Guerrero then had six months from the "deemed denied" date within which to file a petition for relief in the superior court (§ 946.6, subd. (b)), which he failed to do. The court rejected Guerrero's estoppel argument, stating that "[o]nce the 45 days had expired[,] the claim was deemed denied." The court also rejected Guerrero's argument that, notwithstanding the untimeliness of his petition, he was entitled to relief under section 946.6, subdivision (c)(3), because he was a minor when his claim needed to be filed. The court explained

3

that the cited subdivision does not apply when, as here, the claimant failed to timely file his petition in the superior court.

Guerrero timely appealed to this court.

## DISCUSSION

Generally, under the Government Claims Act (§ 810 et seq.), one cannot sue a public entity for money or damages without first presenting a claim to the public entity and having the claim acted upon or deemed rejected. (§ 945.4; *State of California v. Superior Court* (2004) 32 Cal.4th 1234, 1239; see generally Van Alstyne, Cal. Government Tort Liability Practice (Cont.Ed.Bar 2024) § 5.14.) When the cause of action is for personal injuries, as in this case, the prospective plaintiff must ordinarily present the claim to the public entity within six months after the cause of action accrues. (§ 911.2, subd. (a).)

A person who fails to present his or her claim within the time required may apply to the public entity for leave to present a late claim. (§ 911.4, subd. (a); *Rason v. Santa Barbara City Housing Authority* (1988) 201 Cal.App.3d 817, 822.) Under section 911.6, the board of the public entity "shall grant or deny the application within 45 days after it is presented to the board." (§ 911.6, subd. (a).)[3] If the board acts on the claim, it must give written notice of the action and, if the application is denied, provide the applicant with a statutorily prescribed warning.

---

[3] "The claimant and the board may extend the period within which the board is required to act on the application by written agreement made before the expiration of the period." (§ 911.6, subd. (a).) Guerrero does not contend that the parties entered into such a written agreement.

4

(§ 911.8.)[4]  "If the board fails or refuses to act on an application within [the 45-day period], the application shall be deemed to have been denied on the 45th day."  (§ 911.6, subd. (c); see *J.M. v. Huntington Beach Union High School Dist.* (2017) 2 Cal.5th 648, 652 (*J.M.*).)  When the application is deemed denied by the board's inaction, the board is not required to notify the applicant of the denial or give the statutory warning.  (*J.M.*, *supra*, 2 Cal.5th at pp. 656–657; *McLaughlin v. Superior Court* (1972) 29 Cal.App.3d 35, 39.)

When an application for leave to present a late claim "is denied or deemed to be denied," the claimant may petition the court for an order relieving the petitioner from the claim presentation requirement under section 945.4.  (§ 946.6, subd. (a).)  "The petition shall be filed within six months after the application to the board is denied or deemed to be denied pursuant to [s]ection 911.6."  (§ 946.6, subd. (b).)

Here, Guerrero presented to LAUSD his amended application to file a late claim on June 12, 2018.  The 45th day after that date is July 27, 2018.  When LAUSD failed to act on

---

[4] Section 911.8, subdivision (b) provides:  "If the application is denied, the notice shall include a warning in substantially the following form:  [¶]  'WARNING'  [¶]  'If you wish to file a court action on this matter, you must first petition the appropriate court for an order relieving you from the provisions of . . . section 945.4 (claims presentation requirement).  See . . . section 946.6.  Such petition must be filed with the court within six (6) months from the date your application for leave to present a late claim was denied.'  [¶]  'You may seek the advice of an attorney of your choice in connection with this matter.  If you desire to consult an attorney, you should do so immediately.' "  (Capitalization omitted.)

the application within that time, the application was deemed denied by operation of law. (§ 911.6, subd. (c); see *J.M.*, *supra*, 2 Cal.5th at p. 652.) Guerrero then had six months to file a petition in the superior court for relief under section 946.6. (§ 946.6, subd. (b).)

If LAUSD had done nothing further, Guerrero's time for filing his petition under section 945.4 would have expired on January 27, 2019—six months after the date his amended application was deemed denied. (§ 946.6, subd. (b).) LAUSD, however, did not remain silent. On August 21, 2018, it informed Guerrero that his application was denied *on that date* and warned him that he must file a petition under section 945.4, if at all, "within six (6) months from the date your application for leave to present a late claim was denied." Guerrero contends that LAUSD should be estopped from arguing that his petition, filed within six months from the date of LAUSD's letter, is untimely. We agree.

The doctrine of equitable estoppel is based on the theory that a party who by its declarations misleads another to his or her prejudice should be estopped from obtaining the benefits of that conduct. (*Sofranek v. County of Merced* (2007) 146 Cal.App.4th 1238, 1250 (*Sofranek*).) Courts have applied the doctrine to government entities in the government claims context. (*J.M.*, *supra*, 2 Cal.5th at p. 656; *Sofranek*, *supra*, 146 Cal.App.4th at p. 1250.) More particularly, " 'a public entity may be estopped from asserting the limitations of the claims statute where its agents or employees have prevented or deterred the filing of a timely claim by some affirmative act.' " (*J.P. v. Carlsbad Unified School Dist.* (2014) 232 Cal.App.4th 323, 333.)

6

To establish estoppel against LAUSD, Guerrero must show: (1) LAUSD was " 'apprised of the facts' "; (2) LAUSD intended its conduct to " 'be acted upon, or must so act that [Guerrero] . . . had a right to believe it was so intended' "; (3) Guerrero was " 'ignorant of the true state of facts' "; and (4) he relied upon LAUSD's conduct " 'to his injury.' " (*J.M.*, *supra*, 2 Cal.5th at p. 656.) "Estoppel may be proven by reasonable inferences drawn from the evidence." (*Estill v. County of Shasta* (2018) 25 Cal.App.5th 702, 710.)

Here, LAUSD was apprised of the facts; in particular, the August 21, 2018 letter shows that it was aware of Guerrero's application to file a late claim and of the requirement that Guerrero must file a petition under section 945.4 within six months of its denial of the application. LAUSD's intent that Guerrero act upon its letter is evident from the explicit "WARNING" to Guerrero that, should he wish to challenge the denial of his application, he " 'must first petition the appropriate court' " " 'within six (6) months from the date [his] application for leave to present a late claim was denied.' "

As to the third element of estoppel—that Guerrero was ignorant of the true state of facts—the pertinent fact is that LAUSD would assert that Guerrero had to file his petition within six months of the deemed denied date, not within six months of the date of the express denial in the August 21, 2018 letter. Guerrero's ignorance is inferred from the fact that he complied with the warning in LAUSD's letter by filing his petition within six months from the date of the letter. Lastly, Guerrero relied on LAUSD's letter by filing his petition within the time LAUSD had warned him he must do so.

In short, LAUSD, by its representations in the August 21, 2018 letter, misled Guerrero into reasonably believing that he had until February 21, 2018 to file his section 945.4 petition and Guerrero relied on those representations.  LAUSD, therefore, " 'should be estopped from obtaining the benefits of [its] misconduct.' "  (*Sofranek, supra,* 146 Cal.App.4th at p. 1250.)

Because we reverse the court's order on the basis of equitable estoppel, we do not reach the other grounds Guerrero asserts on appeal.

**DISPOSITION**

The order denying Guerrero's petition for relief from the provisions of Government Code section 945.4 is reversed.

Appellant is awarded his costs on appeal.

NOT TO BE PUBLISHED.


ROTHSCHILD, P. J.

We concur:



BENDIX, J.



KELLEY, J.*

---

\* Judge of the San Luis Obispo Superior Court, assigned by the Chief Justice pursuant to article VI, section 6 of the California Constitution.